STATE vs. VOGEL and another.

*Criminal Actions: Alienage of petit jurors.*

The alienage of a petit juror is ground of challenge, but not for setting aside the verdict in a criminal cause not capital, though the fact was unknown to the accused when the jury was impanneled.

REPORTED from the Circuit Court for *Washington* County.

This cause, while pending on a motion to set aside the verdict, and for a new trial, was by the judge of said circuit court, under the statute (sec. 8, ch. 130, R. S.), reported to this court for its opinion on questions of law involved in the motion.

*Thorp & Frisby,* for the defendant, cited *Schumaker v. State,* 5 Wis., 324; *Keenan v. The State,* 8 id., 132; *State v. Cole,* 17 id., 674; *People v. Cancemi,* 7 Abb., 271, 302–3.

*Jno. W. Cary* and *L. F. Frisby,* for the State, cited 18 N. Y., 128, 137; 37 Miss., 407; 2 Bay, 150; 9 Dana, 203; *Greenup v. Stokes,* 3 Gilman, 202; 12 Wis., 519; *Hollingsworth v. Duane,* 4 Dall., * 353 [330]; *State v. Fisher,* 2 Nott & Mc., 261; *Billis ads. The State,* 2 McCord, * 12; *Inhabitants of Mt. Desert v. Inhabitants of Cranberry Isles,* 46 Me., 411; 13 Conn., 453; *King v. Sutton,* 15 E. C. L., 252.

PAINE, J. The defendants, having been convicted of arson, moved for a new trial, on the ground that one of the jurors who found the verdict was an alien.

The following cases, cited by the counsel for the state, establish the rule that the mere alienage of a juror is not sufficient to justify the setting aside of a verdict, although it would have been good cause of challenge. *Hollingsworth v. Duane,* 4 Dallas, 353; *State v. Quarrel,* 2 Bay (S. C.), 150; *State v. Fisher,* 2 Nott & McCord, 261; *Williams. v. The State,*

State vs. Vogel and another.

37 Miss., 407; *Presbury v. The Commonwealth*, 9 Dana, 203; *Greenup v. Stoker*, 3 Gilman, 202; *Quinnebaug Bank v. Leavens*, 20 Conn., 89; *King v. Sutton*, 8 B. & C., 417. Some of these were civil cases; but it appears from them that the same rule prevails in civil and criminal cases not capital. And we can see no well grounded reason for any distinction between the two. It is true that, in favor of life, the prisoner in capital cases is held not to waive anything. But the reason of the rule does not exist in other cases, and has never been applied by the courts.

In some of these cases, also, the disqualification was not that of alienage. But if the disqualification of a juror is waived by not taking the objection till after verdict, of course the rule is as applicable to a disqualification by alienage as to any other. Some of the cases also seem to lay stress upon the fact that the disqualification was known to the party before verdict. But others hold expressly that it is immaterial whether known or not. And this, we think, is the true rule. The defendant has his right of challenge. He has an opportunity to question every person called as a juror, as to his qualifications. And if he neglects to do this, he must, in cases not capital, be presumed to have waived all objections which do not tend to impeach the justice or fairness of the verdict. The reasons of the rule are well stated in the cases above cited from 9th Dana and 3d Gilman.

There is no doubt that alienage is a disqualification under our statute, as this court has decided. But it is purely a legal disqualification, and one that does not at all tend to impeach the integrity or capacity of the juror; and it is too late after verdict to raise the objection.

*By the Court.*—In answer to the question certified by the circuit court, we direct that the motion for a new trial be denied, and that sentence be pronounced upon the verdict.