WILLIAMS *v.* STATE, 37 Miss. R., 407.

### HOMICIDE.

A person over the age of sixty years is incompetent as a juror, and may be challenged for cause by either party; but if he sit without objection, the verdict for that cause will not be vitiated. 2 Bay, 150; 4 Dall., 353; 2 Nott & McCord, 261.

Error to De Soto circuit court. CUSHMAN, J.

*Watson, Craft & Foote,* for plaintiff in error.

Under the provision in Rev. Code, 497, art. 126, Yarbrough was an incompetent juror, and the verdict, therefore, was erroneous and invalid. Carpenter v. State, 4 How., 163; Bone v. McGinley, 7 How., 671.

The fact that the defendant was not aware of the incompetency of the juror, and made no objection, does not lessen the strength of the foregoing rule. Seal v. State, 73 S. & M., 286.

*P. T. Scruggs,* on same side.

*T. J. Wharton,* attorney general.

The objection to the juror came too late. The Rev. Code, 572, art. 7, provides, that "no verdict or judgment shall be arrested, reversed, or annulled, after the same is rendered, for any defect or omission in any jury, either grand or petit, &c. See also Rev. Code, 613, art. 250. The silence of the defendant was a waiver of all objections.

That which is cause for challenge is not always cause for a new trial; for example, that one of the jurors was an alien. 2 Bay, 150; 4 Dallas, 353; 2 Bay, 153; 2 Black, 114; 17 J. R., 133; 2 Nott & McCord, 261; 1 Yerg., 206.

HANDY, J.:

The plaintiff in error having been indicted and convicted for manslaughter, moved for a new trial, on the ground that one of the jurors who sat on the trial was above the age of sixty years, and disqualified to sit, in virtue of the statute. Rev. Code, 497, art. 126. It appeared, on the hearing of the motion, by the affidavit of the juror, that he was above the age of sixty years at

the time of the trial, and that he so stated to the court upon his preliminary examination, and that his statement was probably misunderstood. It was also shown by the affidavits of the accused and of his counsel, that although the statement of the juror in regard to his age was made in their presence, yet that they were ignorant of the fact until after the verdict was rendered. The motion for a new trial was overruled, and the case is brought here by writ of error.

The only error assigned is, that the court below should have granted the motion for a new trial; and it is insisted that the juror was under a legal disqualification from sitting on the jury by reason of his age, in virtue of the provisions of the statute above referred to; that hence the jury was not a legal one, and that the verdict was therefore illegal. But we do not agree with this view of the subject.

The statute, it is true, appears to prescribe the qualifications of jurors, and to exclude from the list of qualified jurors persons of certain ages, among which are those " over the age of sixty years." Such persons are clearly rendered incompetent by the statute; and upon the challenge of either party, and the fact being made to appear, the juror would be rejected, as a matter of course. But does the objection necessarily vitiate the verdict, and render it illegal and erroneous, or is it not of such a character as that it may be waived by the parties, so as to preclude them from taking advantage of it after verdict? Such appears to be the view taken of it by the courts in this country.

The statute entitles the accused, in capital cases, to a copy of the list of the special *venire* summoned to try him; the reason of which is, that he may be enabled to inquire into the characters and qualifications of the persons summoned to sit as jurors in his case. He is then allowed the right of peremptory challenge to a certain number, and the general and unrestricted right of challenge for cause. It thereby becomes his duty to inquire into the qualifications of the persons tendered to him; and if he neglects to do so, it operates as a waiver of objections. If the result of a trial, under such circumstances, were an acquittal, it could scarcely be said that the verdict was illegal and void, and that the case should be tried *de novo;* but both parties, by their

neglect to avail themselves of the objection at the proper time, would be held to have waived it. The sitting of such a juror being a matter to which the parties may give their consent, either expressly or tacitly, if they do so, they are not to be heard to raise the objection after an experiment has been tried for a verdict in their favor, by a jury to which they have consented. 2 Bay, 150; 4 Dall, 353; 2 Nott & McCord, 261.

Let the judgment be affirmed.