## GEORGE NAIL *v.* THE STATE.

1. CONSTITUTIONAL LAW. *Qualification of jurors.* *Const.* 1890, §§ 241, 264, 274, 276. *Code* 1880, § 1661.

   Section 264, constitution 1890, declaring that no person shall be a grand or petit juror unless a qualified elector, and § 241, which provides that no one shall be a qualified elector unless registered, were suspended in their operation—the former by § 274 until April 1, 1892, because of re-pugnancy to § 1661, code 1880, and the latter by § 276 of the constitution until January 1, 1891; but, since registration under the constitution was left to be provided for by the legislature, which was not to meet until Jan-uary, 1892, these sections, so far as they required registration as a qual-ification for voters or jurors, were impliedly and of necessity further suspended until the registration to be provided for by the legislature could be had.

2. SAME. *Juror not registered. When not ground for challenge.*

   Accordingly, after April 1, 1892, but before the registration of voters pro-vided for by the legislature in 1892, it was not a good ground for chal-lenging a juror, otherwise qualified as a voter, that he had not regis-tered under the constitution of 1890.

3. QUALIFICATION OF JURORS INELIGIBLE AS VOTERS. *Non-payment of poll-tax.*

   But, if it was further objected that such juror had not paid his poll-tax as required by § 241, constitution 1890, and was, therefore, ineligible to registration, the challenge should have been allowed, for, as to this qual-ification, said section was not impliedly or of necessity suspended to await legislation, and the juror could not have registered, if opportunity had been offered.

4. CHALLENGING INCOMPETENT JUROR. *Reversible error. Const.* 1890, § 264.

   Where defendant's peremptory challenges have been exhausted, refusal by the court to set aside an incompetent juror upon the challenge of the accused is reversible error. Constitution 1890, § 264, declaring that "the want of any such [constitutional] qualification in any juror shall not vitiate any indictment or verdict," does not apply where the judgment is assailed because of the court's action in overruling an exception sea-sonably made to a juror.

5. CRIMINAL LAW. *Instruction. Uncertainty. Case.*

On a trial for wrecking a train, the court instructed the jury, for the state,
"that in determining their verdict they are not circumscribed nor con-
fined to the testimony of witnesses, but can consider all the circum-
stances surrounding the case; and it is not necessary to prove the actual
facts of the conspiracy to wreck a train, but that it may be collected
from collateral circumstances, if any, which may be in evidence." *Held,*
if this instruction means that the jury is not confined to the testimony
of witnesses, when there is no other evidence before it, it is erroneous;
if it intended to declare that facts need not be established by positive
testimony of witnesses, but may be proved by circumstances, it is objec-
tionable for vagueness.

FROM the circuit court of Warren county.

HON. J. D. GILLAND, Judge.

The case is stated in the opinion.

*Marshall & Vollor,* for the appellant.

Section 264 of the constitution, was not meant to allow a
jury to be made up of incompetent jurors over the challenges
of the accused. Its true meaning is that, if a party accepts
or fails to object to an incompetent juror, he cannot, after
verdict, raise the objection. Such a construction is the nat-
ural one, in view of the old law, the mischief and the remedy.
See *Painter* v. *Trotter*, 10 Smed. & M., 537; *Martin* v. *O'Brien*,
34 Miss., 21; *Shelton* v. *Baldwin*, 26 *Ib.*, 439; *Ingraham* v.
*Speed*, 30 *Ib.*, 410; *Read* v. *Manning*, *Ib.*, 308; *Olive* v. *Wal-
ton*, 33 *Ib.*, 103. The accused promptly exercised his right
to object to the incompetent jurors, and was compelled to
proceed to trial with them on the panel.

It was necessary that the jurors be qualified electors—not
qualified at the time of the preceding election, but at the
time of the trial. Surely, if a special election were then
taking place, men who had not paid their poll-tax for the
preceding year could not vote.

It was error to give the fourth instruction for the state.
If the jury is not circumscribed or confined to the testimony
of witnesses, when the only evidence in the case is that given

by witnesses, it could act on evidence not before it, and which could not be in the record on appeal.

*T. M. Miller*, attorney-general, for the state.

1. It may be admitted that the court erred in refusing to set aside the jurors, but, by the plain letter of the constitution, the absence of the qualifications prescribed for jurors by the constitution shall not vitiate the verdict.    The court cannot depart from the plain language of that instrument.    Section 264 was intended either as directory to the legislature and the courts, or to discredit in the community persons neglecting civil and political duties.

2. The objection to the fourth instruction is fanciful.    If it stood alone, it could not mislead.    It plainly meant to tell the jury it could consider facts and circumstances in determining whether a conspiracy existed.    It could only mean the circumstances surrounding the case, as made by the witnesses.

COOPER, J., delivered the opinion of the court.

The appellant, together with Lige Bennett, *alias* Charles Wilson, and Louis L. Smith, was indicted for the crime of wrecking a train, and, a severance having been granted, the appellant was tried alone, and convicted, and now prosecutes his appeal.

The first error assigned is upon the action of the court in holding certain jurors to be qualified.    A special bill of exceptions was reserved, from which it appears that, upon the examination of the jurors, upon their *voir dire*, " it was proven that M. J. Feeney, Jake Lowenberg and Tom Henderson had not paid their poll-tax for the year 1891, and that T. J. O'Dell, T. R. Brady and Tom Stafford had not paid their poll-tax for the year 1891 until after February 1, 1892, all those parties being legally and justly due the state the said poll-taxes, and not being exempt therefrom by any legal disability, and having had an opportunity to pay the same.    The said jurors were duly qualified and registered electors under the

registration of 1891, but were not registered under the registration of 1892, which is not yet completed according to law."

Upon these facts, the court held the jurors to be qualified, to which the defendant excepted.

Appellant contends that, at the date of the ruling excepted to—June 21, 1892—the jurors were disqualified, under section 264 of the constitution, which declares that "no person shall be a grand or petit juror unless a qualified elector, and able to read and write; but the want of any such qualification in any juror shall not vitiate any indictment or verdict. The legislature shall provide, by law, for procuring a list of persons so qualified, and the drawing therefrom of grand and petit jurors for each term of the circuit court."

The constitution became operative November 1, 1890, subject to the following limitations:

1. It was controlled until January 1, 1891, by all existing laws repugnant to the provisions of sections 240 to 253, inclusive.

2. It was controlled until October 1, 1891, by all existing laws repugnant to sections 254 to 256, inclusive.

3. It was controlled until April 1, 1892, by all other existing and repugnant laws, except those repugnant to—

(*a*) The ordinances of the convention;

(*b*) The provisions of section 183;

(*c*) The provisions of sections 223 to 226, inclusive.

Section 241 declares who are qualified electors. It is as follows :

"Every male inhabitant of this state, except idiots, insane persons and Indians not taxed, who is a citizen of the United States, twenty-one years old and upwards, who has resided in this state two years, and one year in the election district, or in the incorporated city or town in which he offers to vote, and who is duly registered as provided in this article, and who has never been convicted of bribery, burglary, theft, arson, obtaining money or goods under false pretenses, per-

jury, forgery, embezzlement or bigamy, and who has paid, on or before the first day of February of the year in which he shall offer to vote, all taxes which may have been legally required of him, and which he has had an opportunity of paying according to law, for the two preceding years, and who shall produce to the officers holding the election satisfactory evidence that he has paid said taxes, is declared to be a qualified elector; but any minister of the gospel in charge of an organized church, shall be entitled to vote after six months' residence in the election district, if otherwise qualified."

Looking to the code of 1880, we find that, by section 1661, it was declared that " all male citizens of the United States, and not being under the age of twenty-one years, nor over the age of sixty years, and not having been convicted of any infamous crime, shall be qualified to serve as jurors within the county of their residence."

This law was manifestly repugnant to section 264 of the constitution, and, by virtue of section 274, controlled the constitutional provision until April 1, 1892.

We infer, from the nature of the exception and its statement, and also from the brief of counsel, that the trial court held the juror to be competent because the first registration under the constitution had not been completed, and that, from necessity, the constitutional provision fixing the qualification of jurors was suspended until a new registration should be completed.

The principle of construction upon which the learned judge proceeded is a correct one, and necessary for the protection of society. It is particularly applicable to construction of constitutions, which declare general rules for the organization of government, and do not deal minutely with details. It certainly would not be held that there was no electoral body in the state, and no one qualified to hold office from January 1, 1891, at which time sections 240 to 253, inclusive, were declared by the schedule (section 274) putting the constitution in force, to be operative.

Section 241 declares what qualifications are required for an elector, among which is that he shall be registered under its provisions. Section 249 declares that one not so registered shall not vote at any election. Section 250 declares that no one shall be eligible to office, except qualified electors. And yet there could be no registration under the constitution until after the legislature had provided therefor, and its first meeting was fixed by section 36 of the constitution, for January, 1892.

From necessity, the operation of those constitutional provisions which depended upon legislation, was suspended until after legislation was had. If, therefore, the qualification of the jurors had been challenged, on the ground that they had not registered under the constitution now in force, the ruling of the court below would have been correct, for the reason that by implication the constitution was suspended in its operation when a condition of things necessary and essential to its operation, and, therefore, clearly contemplated by the convention as a condition precedent, did not, and could not, exist.

But registration under the constitution is but one of many of the qualifications of an elector or juror. When one has been registered, his registration is evidence of the existence of other qualifications required by the constitution. But one not registered, and not possessing the qualifications which entitle him to be registered, may be incompetent, as well from the lack of those qualifications as from the want of registration.

The constitution has provided a standard by which the qualifications of electors and jurors shall be tried. One of these essentials is that he shall be registered. But, since no opportunity had been afforded for registration, and since the constitution implied that such opportunity should be afforded before the test of registration should be applied, an objection that the jurors challenged had not been registered, could not have been sustained.

But the objection went beyond this, and was to the want of another equally essential qualification. As to this, there was no suspension of the constitution, because no necessity existed therefor. Suspension of constitutional provisions by implication, because of necessity, should be limited by the extent of the necessity. The jurors challenged by appellant could not have registered, because they had failed to pay their taxes, as required by the constitution, and his challenges should have been sustained.

But, it is said by the attorney-general, that if the challenges should have been allowed, it is not assignable error that they were not, because the constitution, while fixing the qualification of jurors, declares that "the want of any such qualification in any juror shall not vitiate any indictment or verdict." This position is not maintainable. The judgment in this case is not assailed because of the want of the qualification of the jurors, but because of the action of the court in overruling an exception, seasonably interposed, to the jurors. If the defendant, after indictment or conviction, had raised an objection to the grand jury by which he had been indicted, or to the jury by which he had been convicted, the provision relied on' would have applied. *Williams* v. *The State*, 37 Miss., 407.

At the instance of the state, the court instructed the jury, among other things, as follows :

"The court instructs the jury that in determining their verdict they are not circumscribed nor confined to the testimony of witnesses, but that they can consider all the circumstances surrounding the case ; and that it is not necessary to prove the actual facts of the conspiracy to wreck a train, but that it may be collected from collateral circumstances, if any, which may be in evidence."

We have been greatly perplexed by this instruction, and find it difficult to discover its meaning or purpose. Surely, the facts upon which the state relies for conviction must be proved, and when there is no evidence before the

jury except the testimony of witnesses, the jury is confined thereto.

It may be that, by the instruction, it was intended to inform the jury that facts need not be established by the positive testimony of witnesses, but might be proved by circumstances, if in evidence, sufficient to satisfy the jury. If this was what was intended, it was but darkly expressed.

*The judgment is reversed and cause remanded.*