THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.*
ALFRED R. MACK, Appellant.

*Juror in a criminal action — disqualification of, by relationship to the complainant — not a ground for an arrest of judgment and a new trial unless objection be made on the trial.*

The provisions of the Federal Constitution, by which a trial by an impartial jury is secured, do not prevent a State from regulating the method of procuring and impaneling a jury; and where a person accused of a crime does not take advantage of the statutory provisions designed to protect his rights, he is not entitled to an order in arrest of judgment and for a new trial on the ground that the grandfather of the wife of one of the jurors was a brother of the father of the complainant — a fact unknown to the accused or his counsel at the time of the trial — where no substantial rights of the accused are shown to have been prejudiced thereby.

APPEAL by the defendant, Alfred R. Mack, from a judgment of the County Court of Tompkins county in favor of the plaintiff, entered in the office of the clerk of the county of Tompkins on the ———— day of February, 1898, upon the verdict of a jury convicting the defendant of the crime of assault in the first degree, and also from an order entered in said clerk's office on the 1st day of February, 1898, denying the defendant's motions made in arrest of judgment and for a new trial.

*Henry Watson Cornell*, for the appellant.

*Charles H. Blood, District Attorney*, for the respondent.

MERWIN, J. :

The defendant was convicted of the crime of assault in the first degree. He thereupon moved for a new trial and arrest of judgment upon the ground that one of the jurors who sat in the case was related to the complainant within the ninth degree of affinity. (Code Crim. Proc. § 377.) It appears by affidavits that the grandfather of the wife of the juror was a brother of the father of the complainant, and that this fact was not, at the time of the trial, known to the defendant or to his counsel. It does not appear that it was known to the district attorney.

The juror was a talesman, and upon being called was sworn as to his competency to sit as a juror in the case. He was examined by the counsel for both parties, but was not asked by either any question as to his relationship either to the defendant or to the complainant. He was asked by the district attorney the question, " Do you know of any reason why you could not sit as a juror and render a verdict according to the evidence ? " The juror replied, " No, sir." He was not challenged, and was accepted and sworn as the eleventh juror. It does not appear that the juror knew that he was disqualified. It was shown that there was only a casual acquaintance between him and the complainant.

The defendant claims that, by reason of the relationship of the juror to the complainant, the verdict was rendered by an improperly constituted jury, and, therefore, a new trial should be directed.

The relationship was a good cause of challenge for implied bias, but no challenge was taken or inquiry made as to the facts, although

the defendant had opportunity to do so; and, therefore, it is claimed by the People that, after verdict, the point cannot be taken advantage of in the absence of any proof of actual injury or prejudice to the defendant.

In *Hayes* v. *Thompson* (15 Abb. Pr. [N. S.] 220) it was held that a verdict should not be set aside, on the ground that one of the jurors was disqualified by consanguinity to the successful party, unless it be shown that injustice has been done, though the fact of relationship was not known to the defeated party until after the trial. A like view was taken in *Salisbury* v. *McClaskey* (26 Hun, 262); *Woodward* v. *Dean* (113 Mass. 297). A different view is taken in *Hardy* v. *Sprowle* (32 Maine, 310); *Briggs* v. *Town of Georgia* (15 Vt. 61).

In *People* v. *Jewett* (6 Wend. 389) it was said by Judge SUTHERLAND that a verdict, either in a civil or criminal case, would not be set aside merely on the ground that one or more of the jurors had not the property qualification required by law, though the fact was not known at the time of the trial. In *People* v. *Rathbun* (21 Wend. 542) it was said by Judge COWEN that a defendant in a criminal case may waive any matter of form or substance, excepting only what may relate to the jurisdiction of the court. A challenge to a juror, for a cause disqualifying him only in the particular case on trial, does not go to the jurisdiction of the tribunal, and, though a juror in such a case may be incompetent, it does not follow that the trial will be invalidated. (*Clark* v. *Van Vrancken*, 20 Barb. 281.) In the case of *Cancemi* v. *The People* (18 N. Y. 128), where it was held that a trial by a jury of eleven jurors, though with the consent of the defendant, was a nullity, it still was said (p. 137) that objections to jurors may be waived.

In many criminal cases it has been held to be immaterial whether or not the defendant, in cases not capital, knew before the verdict the disqualification of the juror, as long as he had an opportunity to challenge and question the juror as to his qualifications, but neglected to do so. (*State* v. *Vogel*, 22 Wis. 471; *King* v. *Sutton*, 8 Barn. & C. 417; *State* v. *Quarrel*, 2 Bay [S. C.], 150; *Williams* v. *State*, 37 Miss. 407.)

It is argued by the defendant that, by the Federal Constitution, he is entitled to a trial by an impartial jury, and that, as by our

statute, the relationship disqualifies, he has not had such a trial. The statute, however, which made this disqualification provided that the question must be raised by challenge before evidence is given in the action. (Code Crim. Proc. §§ 369, 371.) The constitutional provision does not, however, prevent the Legislature from regulating the method of procuring and impaneling a jury (*Stokes* v. *People*, 53 N. Y. 173); and if the defendant does not take advantage of statutory provisions designed to protect his rights, he should not complain in the absence of proof of injury.

Failure to challenge, by reason of want of knowledge as to the cause, is not a ground for a motion in arrest of judgment. (Code Crim. Proc. § 467; *People* v. *Meakim*, 133 N. Y. 216.) A new trial can be granted only in the cases provided in section 465. It is not apparent how the present case can be brought within any of the provisions of section 465, as the defendant failed to inquire, and no misconduct is chargeable to the juror, and it does not appear that the substantial rights of the defendant have been prejudiced.

We fail to find any good reason for reversal of the judgment, and it should be affirmed.

All concurred.

Judgment and order affirmed.