## PEOPLE v. THAYER.

(Supreme Court, Appellate Division, Third Department. May 5, 1909.)

JURY (§ 110*)—COMPETENCY OF JUROR—WAIVER OF OBJECTION.
    Code Civ. Proc. § 1180, as amended by Laws 1877, p. 463, c. 416, provides that an objection to the qualification of a juror is available only upon a challenge; and by section 3347, subd. 7, this provision is made to apply to both criminal and civil actions and special proceedings. Held, that the objection that a juror in a criminal trial was over the age of 70 years is waived by failure to challenge, although the disqualification was not known either to defendant or to his counsel at the time of trial.
    [Ed. Note.—For other cases, see Jury, Cent. Dig. § 507; Dec. Dig. § 110.*]

Appeal from Chemung County Court.

Alfred Thayer was convicted of burglary, and appeals from an order denying a motion for a new trial and in arrest of judgment. (61 Misc. Rep. 573, 115 N. Y. Supp. 855). Affirmed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Richard H. Thurston, for appellant.
Harry L. Bogart, for the People.

SEWELL, J. The defendant was convicted of the crime of robbery in the first degree. One of the jurors who served on the trial was over the age of 70 years. It appeared by affidavits that neither the defendant nor his counsel knew the juror was disqualified at the time of the trial. No challenge or other objection to his qualification was made. The question presented is whether the acceptance of the juror by the defendant was a waiver of the objection to his qualification.

It was early settled that a failure to object to the qualifications of a juror was a waiver of all objections, although the disqualification was not known to the defeated party at the time of the trial. Eggleston v. Smiley, 17 Johns. 133; Hayes v. Thompson, 15 Abb. Prac. (N. S.) 220; Seacord v. Burling, 1 How. Prac. 175; Bennett v. Matthews, 40 How. Prac. 428; Stedman v. Batchelor, 49 Hun, 390, 3 N. Y. Supp. 580; Dayharsh v. Enos, 5 N. Y. 531. The following cases sustain the claim that this rule has been generally observed in criminal cases: People v. Jewett, 6 Wend. 389; People v. Rathbun, 21 Wend. 542; People v. Mack, 35 App. Div. 114, 54 N. Y. Supp. 698; Stephens v. People, 19 N. Y. 549; Pierson v. People, 79 N. Y. 424, 35 Am. Rep. 524. In People v. Mack, 35 App. Div. 114, 54 N. Y. Supp. 698, Mr. Justice Merwin said:

"In many criminal cases it has been held to be immaterial whether or not the defendant, in cases not capital, knew before the verdict the disqualification of the juror, as long as he had an opportunity to challenge and question the juror as to his qualifications, but neglected to do so"—and cited State v. Vogel, 22 Wis. 471, King v. Sutton, 8 B. & C. 417, State v. Quarrel, 2 Bay (S. C.) 150, 1 Am. Dec. 637, and Williams v. State, 37 Miss. 407.

But, aside from these considerations, the law was settled by an amendment to section 1180 of the Code of Civil Procedure (chapter 416, p. 463, of the Laws of 1877). The section as amended provides that "an objection to the qualification of a juror is available only upon a challenge," and this provision is made to "apply equally to a criminal and a civil action or special proceeding, and to a court of criminal and a court of civil jurisdiction," by subdivision 7 of section 3347 of the Code of Civil Procedure.

It follows that the order of the County Court should be affirmed. All concur.