Foster, J.
The People appeal from an order of the Supreme Court, at Special Term, sustaining a writ of habeas corpus and directing relator’s release.
Relator was convicted of the crime of culpable negligence, a violation of section 1053-a of the Penal Law, and sentenced to a term of imprisonment. After he began the service of his sentence the District Attorney learned that one member of the jury which found relator guilty was not a citizen of the United States. Whereupon the District. Attorney moved to have the verdict set aside on the ground that the jury was illegally constituted, and also applied for an order directing the return of the relator to Rensselaer County so that he might be present in person on the return of the motion. The motion to set aside the verdict was granted, and a new trial directed, on the authority of People v. Bott (121 Misc. 380). Relator was then remanded to the custody of the Sheriff of Rennselaer County pending a new trial, or an application for bail. He made no application for bail, nor did he take any part in the motion to set aside the conviction.
Indubitably the case cited by the County Judge as authority for his action in setting the verdict aside is directly in point. *183 The query remains whether it is in conflict with the weight of authority on this subject. We think it is.
An objection to the qualification of a juror is availablé only upon a challenge. It must be taken when the juror appears and before he is sworn (Code Crim. Pro., § 369). The Constitution does not prescribe the qualifications of jurors. It guarantees the right of trial by jury, but the method of selecting persons deemed qualified to act as jurors is left to the Legislature (People v. Cosmo, 205 N. Y. 91). The Legislature has prescribed the qualifications of a juror, and citizenship is one of these (Judiciary Law, § 502). The lack of such a technical qualification, however, may be waived, either with knowledge or by failure to make an inquiry when the juror is called and before he is sworn (People v. Cosmo, supra; Kohl v. Lehlback, 160 U. S. 293; United States v. Gale, 109 U. S. 65; United States v. Rosenstein, 34 F. 2d 630; People v. Thayer, 132 App. Div. 593).
Belator’s conviction therefore was not illegal, and should not have been set aside. But having been set aside on the application of the District Attorney he may not be tried again for the same offense (N. Y. Const., art. I, § 6). Habeas corpus was proper under the circumstances, since relator was illegally detained after the conviction against him had been set aside.
The order should be affirmed.
Hill, P. J., Heffernan, Brewster and Bussell, JJ., concur.
Order affirmed.