Lafayette W. Argetsinger, Jr., J.
This appeal is based on the fact that one of the jurors serving in this case was, at the time of trial, not a citizen of Schuyler County but was a citizen of Yates County and therefore not legally qualified to serve as a juror.
The return of the Justices’ Court and the pleadings and briefs of counsel and the legal authorities referred to therein have been examined by me.
The case of People ex rel. Ostwald v. Craver (272 App. Div. 181), cited by counsel for the appellant, involves a similar situation where the defendant was convicted of a criminal offense and the District Attorney, upon later discovering that one of the jurymen was not a citizen of the United States, moved to set aside the verdict, which motion was granted. The court held that, since the conviction was set aside, the defendant could not be tried again for the same offense but, in so doing, stated that relator’s conviction was not illegal and should not have been set aside. 'With respect to this question the court, on page 183, has the following to say: “An objection to the qualification of a juror is available only upon a challenge. It must be taken when the juror appears and before he is sworn (Code Crim. Pro., § 369). The Constitution does not prescribe the qualifications of jurors. It guarantees the right of trial by jury, but the method of selecting persons deemed qualified to act as jurors is left to the Legislature (People v. Cosmo, 205 N. Y. 91). The Legislature has prescribed the qualifications of a juror, and citizenship is one of these (Judiciary Law, § 502). The lack of such a technical qualification, however, may be waived, either with knowledge or by failure to make an inquiry when the juror is called and before he is sworn (People v. Cosmo, supra; Kohl v. Lehlback, 160 U. S. 293; United States v. Gale, 109 U. S. 65; United States v. Rosenstein, 34 F. 2d 630; People v. Thayer, 132 App. Div. 593).”
It is to be noted that this is a decision by the Appellate Division of the Third Department in a criminal case where the verdict must be unanimous. In a civil action, such as the appeal herein, the verdict need not be unanimous but only five out of six jurors would be required to render a verdict. In the absence of any definite showing of prejudice to the appellant, which is the situation here, the only fair construction, in my opinion, is that the money judgment in the lower court must be and hereby is, affirmed and the appeal is dismissed.
Counsel for the plaintiff-respondent will prepare an order accordingly.