OPINION OF THE COURT
MEMORANDUM.
In People v Schwimmer and People v Villetto (47 NY2d 1004, 1006), decided herewith, we have held, on the reasoning of the opinion of Mr. Justice SAMUEL RABIN in People v Schwimmer (66 AD2d 91), that a defendant may be guilty of criminal conspiracy even though his only coconspirator feigned agreement and, therefore, did not share defendant's criminal intent. That holding requires reversal in the instant case, the Trial Judge having charged the jury that they could not convict one defendant and not the other on the conspiracy charge.
The instruction that the jury could not convict one defendant and not the other on the conspiracy charge was error in light of the present wording of section 105.10 of the Penal Law and the expressed provision in section 105.30 that ~It is no defense to a prosecution for conspiracy that, owing to * * * exemption * * * or to other factors precluding the mental state required * * * one or more of the defendant's co-conspirators could not be guilty of conspiracy". Given a proper charge, the jury could well have found a conspiracy between defendant Teeter and the undercover officer, Cantaben, to which defendant Kropman was not a party. Since his attorney excepted to the charge on that ground there must be a reversal as to him. As to defendant Teeter, however, the charge error is beyond our jurisdiction, her attorney having failed to object.
As to defendant Teeter the order of the Appellate Division affirming her conviction should be affirmed. As to defendant Kropman the separate order of the Appellate Division should be reversed and the matter is remitted to Trial Term for a new trial.
*1004 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum.
In People v Teeter: Order affirmed.
In People v Kropman: Order reversed, etc.