THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY FOSTER, FRED FOSTER and GREGORY REED, Appellants.

Second Department, March 12, 1984

### APPEARANCES OF COUNSEL

*Richards W. Hannah* (*Joseph A. Doran* of counsel), for Fred Foster, appellant.

*William E. Hellerstein* (*Darren O'Connor* of counsel), for Gregory Reed, appellant.

*Stanley Shapiro* for Jerry Foster, appellant.

*Elizabeth Holtzman, District Attorney* (*Michael Gore, Barbara D. Underwood* and *Peter A. Weinstein* of counsel), for respondent.

### OPINION OF THE COURT

LAZER, J. P.

Was the erroneous denial of a challenge for cause pre-

served for appellate review when the defendant who made the challenge was unable to exercise a peremptory challenge because his codefendants refused to join the exercise with him? Resolution of that question and the impact of the resolution upon each of the three defendants are the primary issues on these appeals.

During jury selection at the outset of the defendants' trial for murder in the second degree and other crimes, defendant Jerry Foster challenged for cause a venireman who had served on a Federal Grand Jury during the prior two years. Despite the clear Judiciary Law provision disqualifying from jury service persons who have rendered jury service within the prior two years (Judiciary Law, § 511, subd 5), the trial court denied the challenge. Continuing to press for exclusion of the prospective juror, Jerry Foster attempted to exercise a peremptory challenge but the effort was frustrated when his codefendants refused to expend a peremptory challenge on the individual in question. Since the exercise of peremptory challenges at multidefendant trials is controlled by a majority vote of the defendants (CPL 270.25, subd 3), the trial court refused to recognize Jerry Foster's peremptory challenge and denied his request for individual peremptory challenges. The juror was impaneled and the defendants subsequently were convicted. Three years later, codefendant Fred Foster moved pursuant to CPL 440.10 to vacate the judgment against him, alleging that the challenged juror's participation nullified the verdict. Contained in the moving papers was a letter from the United States District Court for the Eastern District of New York stating that during various periods between March, 1979 and September, 1980 the juror had served on a special Grand Jury; the defendants' trial took place in September, 1979. The trial court denied the motion, holding that the record was sufficient for the question to be determined on appeal from the judgment of conviction.

On those appeals, the Foster brothers contend that the illegal composition of the jury voided the verdicts and Fred Foster argues that it was unnecessary for him to assert a separate challenge for cause because the ground for disqualification was brought to the trial court's attention by Jerry Foster. Although the third defendant, Gregory Reed,

has never raised the disqualification issue, he joins with his codefendants in asserting a litany of other alleged errors. The District Attorney concedes that the challenged juror should have been excluded, but argues that in the absence of a peremptory challenge the issue has not been preserved for appellate review.

Challenge for cause is the appropriate method for objection to a prospective juror on the ground that "[h]e does not have the qualifications required by the judiciary law" (CPL 270.20, subd 1, par [a]). It is apparent from CPL 270.20 that in referring to lack of "qualifications" as a basis for a challenge, the Legislature authorized the challenge of persons who either lacked "qualifications" under section 510 of the Judiciary Law or were "disqualified" under section 511 of the Judiciary Law. Thus, since a person is disqualified from jury service if he has "served on a grand or petit jury within the state, including in a federal court, within two years of the date of his next proposed service" (Judiciary Law, § 511, subd 5), it was error to deny the instant challenge for cause. At common law, prior jury service was not a basis for disqualification, but the ground has been statutorily imposed in a number of States (Busch, Law and Tactics in Jury Trials, § 98; 50 CJS, Juries, § 150). Statutes dealing with prior recent jury service permit prospective jurors to obtain exemption on that ground or they provide that such service is a ground for challenge for cause (Jordan, Jury Selection, § 5.16). In this State, the current Judiciary Law subdivision providing for disqualification based on jury service within the preceding two years (Judiciary Law, § 511, subd 5, as added by L 1978, ch 239) succeeded a provision authorizing prospective jurors to invoke exemption for that reason (see Judiciary Law, § 512, former subd 8, as added by L 1977, ch 316). Earlier New York statutes provided that failure of a juror to invoke an exemption based on prior jury service did not invalidate the verdict (see Judiciary Law, former § 601, as amd by L 1942, ch 799; former § 675, as added by L 1954, ch 305).

Disqualification based on prior jury service is intended to insure that juries reflect a larger cross section of the populace, to discourage professional jurors from serving

(*United States v First,* 600 F2d 170, 172, n 3; Eighth Ann Report of NY Judicial Council, 1942, p 226), and to render jury service more attractive by minimizing the burden on those whose personal lives are disrupted by the obligations of jury service (*State v Fletcher,* 341 So 2d 340 [La]; Governor's Memorandum, NY Legis Ann, 1954, p 388). Unlike challenges founded on claims of juror bias — where the trial court is required to make a factual determination (see, e.g., *People v Blyden,* 55 NY2d 73) — a challenge properly founded upon a lack of statutory qualifications leaves the court with no discretion and mandates removal of the unqualified juror (see *Greenfield v People,* 74 NY 277; 8 Carmody-Wait 2d, NY Prac, § 55:12).

Although the Fosters now argue that the presence of the disqualified individual resulted in an unconstitutional trial by less than 12 jurors (see NY Const, art VI, § 18) and thus nullified the verdict, there has been no showing or allegation that the juror lacked fairness or the ability to perform his duties intelligently (see *People v Cosmo,* 205 NY 91, 100-101). Just as a juror's intelligence or impartiality is not affected by the inability to meet the statutory requirements of citizenship and residence (see, e.g., *Kohl v Lehlback,* 160 US 293; *People ex rel. Ostwald v Craver,* 272 App Div 181), the essential qualities necessary for fair jury service are not vitiated by prior jury service (see *State v Hayes,* 136 W Va 199). A disqualification of the type at issue is essentially "technical" in nature (see *People v Cosmo,* 205 NY 91, 100, *supra*), for it merely reflects the public policy view that excessive jury duty should not be imposed and a class of professional jurors should not be created. It is not of such a fundamental nature as to affect the substantial rights of the accused, for it goes neither to the fairness nor impartiality of jurors. A verdict rendered by a jury containing some persons who should have been excluded for technical reasons is not void for want of power to render it (*Raub v Carpenter,* 187 US 159; *Kohl v Lehlback, supra; United States v Rosenstein,* 34 F2d 630). Therefore, the instant verdicts are not jurisdictionally defective.

We turn, then, to whether the verdict convicting Jerry Foster may continue to stand. The answer depends on

whether he waived his challenge for cause by failing to have the juror excluded by peremptory challenge. We know, of course, that with one exception irrelevant to this case, a challenge of a prospective juror for cause which is not made before the person is sworn as a trial juror is deemed to have been waived (CPL 270.15, subd 4). The rationale for this statutory provision is that it would be intolerable to permit posttrial investigation of the technical qualifications of jurors which were ascertainable in advance of the trial (*People v Cosmo,* 205 NY 91, 100, *supra*). Where a prospective juror lacks any of the technical qualifications which do not affect fairness or competence, timely objection is required to further finality and public convenience, for otherwise, it has been said, no judgment would ever be safe from attack (*People v Cosmo, supra,* pp 100-101). Deficiencies in juror qualifications that have been held to be waivable include the former property ownership qualification (*People v Cosmo, supra; People v Jewett,* 6 Wend 388), citizenship (*People ex rel. Ostwald v Craver,* 272 App Div 181, *supra*), residency in the county of trial (*Hazlitt v Bedient,* 10 Misc 2d 283), and service by a person over the statutory age (*People v Thayer,* 132 App Div 593; *People v Morrissey,* 1 Sheld 295). In other jurisdictions, the underage of a juror (*State v Rodgers,* 347 So 2d 610 [Fla], writ of habeas corpus den *sub nom. Rogers v McMullen,* 673 F2d 1185; *State v Barr,* 20 SW2d 599 [Mo]), a record of prior convictions of a felony (*Lollar v State,* 422 So 2d 809 [Ala]; *Ford v United States,* 201 F2d 300), service by a prescribed public officer (*Roberson v State,* 456 P2d 595 [Okla]) and even the current deficiency — prior jury service within the prescribed statutory period (*State v Hayes,* 136 W Va 199, *supra*) — have been deemed waivable. We have no doubt that New York's statutory disqualification for prior jury service is technical in nature and waivable.

Whether Jerry Foster succeeded in preserving the trial court's error for appellate review or waived it depends on how the "qualifications" provision of the challenge for cause section of the CPL (270.20, subd 1, par [a]) meshes with two other sections. Contending that Foster failed to preserve the error, the People rely exclusively on CPL 270.20 (subd 2) which provides that "[a]n erroneous ruling

by the court denying a challenge for cause by the defendant does not constitute reversible error unless the defendant has exhausted his peremptory challenges at the time or, if he has not, he peremptorily challenges such prospective juror and his peremptory challenges are exhausted before the selection of the jury is complete". The theory of this rule — a codification of the common law (*People v Culhane,* 33 NY2d 90, 97) — is that it is necessary that the objectionable juror be forced upon the complaining party who could not be rid of the juror by the exercise of a peremptory challenge (Busch, Law and Tactics in Jury Trials, § 77). The failure to exercise a peremptory challenge following a challenge for cause evinces an intent to waive whatever objection there may have been to the challenged juror because it indicates satisfaction with the jury as impaneled (*People v Miller,* 71 Cal 2d 459; *State v Smith,* 290 NC 148). Therefore, an error in rejecting a challenge for cause is waived if the defendant fails to exercise an available peremptory challenge (see, e.g., *Jordan v United States,* 295 F2d 355; *Monserrate v State,* 265 Ind 153; *Bufford v State,* 148 Neb 38; *State v Uhler,* 32 ND 483; *State v Patriarca,* 112 RI 14; see Voir Dire Examination — Challenges for Cause and Abuse of Discretion, 41 Mo L Rev 632).

Here there was no peremptory challenge to the juror because Jerry Foster's effort to exercise such a challenge foundered on his codefendants' refusal to join him. A defendant who is tried alone can exercise a peremptory challenge without need for a reason and without being subject to the court's control or discretion (*Swain v Alabama,* 380 US 202, 220; *People v McCray,* 57 NY2d 542; but see *McCray v Abrams,* 576 F Supp 1244) but unlike the law in many States allowing jointly tried defendants to exercise individual peremptory challenges (see, generally, Ann., 21 ALR3d 725), a jointly tried New York defendant cannot unilaterally exercise peremptory challenges allotted to the defense as a whole (CPL 270.25, subd 3; *People v Dixon,* 81 AD2d 620). Under New York's statutory scheme — upheld as constitutional (see *People v Lobel,* 298 NY 243; *People v Doran,* 246 NY 409) — it takes a majority of jointly tried codefendants to exercise a peremptory challenge (CPL 270.25, subd 3).

Although the combination of this statutory scheme and the codefendants' reluctance foiled Jerry Foster's effort to exercise a peremptory challenge, it did not defeat his effort to preserve the issue for appellate review. The challenge for cause brought the issue to the attention of the Trial Judge in a manner that pinpointed the legal question (see *People v Cobos,* 57 NY2d 798; see, also, CPL 470.05, subd 2) and satisfied the primary consideration of preservation by providing the court with an opportunity to avoid or cure an error of law (see *People v Martin,* 50 NY2d 1029). Jerry Foster's subsequently failed attempt to exercise a peremptory challenge "hardly demonstrated a clear intent to waive a position already preserved" (see *People v Le Mieux,* 51 NY2d 981, 983; see, also, *People v Guzman,* 60 NY2d 403, 414, n 4). Waiver — as is often said — is the intentional relinquishment of a known right (*Matter of Meachem v New York Cent. R. R. Co.,* 8 NY2d 293, 299) and it may be accomplished by an express declaration or by such conduct or failure to act as to evince an intent not to claim the purported right or privilege (*Hadden v Consolidated Edison Co.,* 45 NY2d 466, 469; *People v Jones,* 81 AD2d 22, 37). Since Jerry Foster objected to the juror's presence at each available opportunity, his codefendants' refusal to join with him could not constructively inflict upon him an intent to waive the objection. For the same reason that a challenge for cause is not waived by a defendant who fails to exercise a peremptory challenge because he has none left (CPL 270.20, subd 2), there is no waiver by a jointly tried defendant if his failure to exercise a peremptory challenge derives from his codefendants' refusal to consent. In both situations, an objectional juror has been forced upon the defendant because of his lack of power to exercise a peremptory challenge (see Busch, Law and Tactics in Jury Trials, § 77; 24A CJS, Criminal Law, § 1900) and no waiver may be implied. It follows that Jerry Foster's challenge for cause was not waived.

The error having been preserved, Jerry Foster's conviction must be reversed (see *People v Provenzano,* 50 NY2d 420, 424; *People v Culhane,* 33 NY2d 90, 97, *supra*) because the failure to exclude a disqualified juror after a timely and adequate objection by a defendant necessarily affects the

verdict and cannot be considered harmless error (see, e.g., *Nuchols v Commonwealth,* 312 Ky 171 [prior jury service]; *Slay v State,* 338 So 2d 3 [Ala] [overage juror]).

Our analysis provides no solace for the codefendants, however. As previously noted, a statutory disqualification must be raised by personal objection (*Kohl v Lehlback,* 160 US 293, 302, *supra*). The codefendants, who made no objection to the venireman before he was sworn as a trial juror (CPL 270.15, subd 4), waived the issue of disqualification and cannot avail themselves of their colleague's objection (see *Overend v Kiernan,* 5 NJ Misc Rep 704; *Poston v Ragan,* 14 NC App 134; *Wolfe v East Texas Seed Co.,* 583 SW2d 481 [Tex]; *State v Wood,* 121 Vt 49; 4 CJS, Appeal and Error, § 348). A defendant at a joint trial has the right to pursue his own interests and strategies and is not the guardian of the rights and interests of his codefendants (*People v Carter,* 86 AD2d 451). A reviewable question of law is presented when a protest to a court ruling is registered "by the party claiming error" (CPL 470.05, subd 2) but an erroneous ruling warranting reversal of the convictions of defendants who registered protests does not require reversal as a matter of law of the convictions of those who failed to object to the ruling (see, e.g., *People v Cona,* 49 NY2d 26; *People v Teeter,* 47 NY2d 1002). Thus, even where a jury has rendered a verdict based on prejudicially erroneous instructions, the Court of Appeals has held that no question of law was preserved on behalf of the defendants who failed to object, while reversing the convictions of the codefendants who did object (see *People v Cona, supra; People v Teeter, supra*). We see no reason to exercise interests of justice jurisdiction to relieve the nonprotesting defendants of the consequences of the judgments they made during the *voir dire.*

We have considered defendants' remaining contentions and conclude that they lack merit.

Accordingly, the judgment of conviction of Jerry Foster should be reversed and a new trial ordered. The judgments of conviction of Fred Foster and Gregory Reed, and the order denying Fred Foster's motion to vacate the judgment against him, should be affirmed.

BRACKEN, BROWN and NIEHOFF, JJ., concur.

Two judgments (one as to defendant Fred Foster and the other as to defendant Gregory Reed) of the Supreme Court, Kings County, both rendered January 8, 1980, and order of the same court (upon appeal by permission) dated March 16, 1983, affirmed.

Judgment (as to defendant Jerry Foster) of the same court rendered January 8, 1980, reversed, on the law, and new trial ordered.