■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN HINES, Appellant. — Appeal by defendant from a judgment of the County Court, Westchester County (Leggett, J.), rendered November 6, 1978, convicting him of burglary in the third degree and criminal possession of stolen property in the second degree, upon a jury verdict, and imposing sentence.

Judgment reversed, on the law, and new trial ordered. The findings of fact are affirmed.

Following a joint trial, defendant was convicted, together with codefendants Robert Dixon and Warren Christopher, of burglary in the third degree and criminal possession of stolen property in the second degree arising out of the burglary of Nelson Altreche's apartment, on October 19, 1977, in Yonkers. Defendant's conviction must be reversed because, as we held in *People v Dixon* (81 AD2d 620), the Trial Judge's refusal to grant the defense an additional peremptory challenge constituted reversible error where the defense previously had exercised a peremptory challenge to excuse a juror who might have seen codefendant Christopher in handcuffs in reliance upon the court's statement that it would in its discretion allow an additional peremptory challenge, should the defense later exhaust its 10 available challenges. Following exhaustion of these challenges the defense made two requests for an additional challenge. Only the codefendants participated in the first request (*see, People v Dixon, supra,* p 621 [Cohalan, J., dissenting]). However, defendant registered his protest both at that time and following the court's denial of his codefendants' second request for an additional challenge, thereby preserving the issue for our review. Mangano, J. P., Gibbons, Brown and Lawrence, JJ., concur.