■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

RAYMOND O'HARE, Appellant.—Appeal by defendant from a judgment of the County Court, Suffolk County (Vaughn, J.), rendered September 26, 1983, convicting him of manslaughter in the second degree, upon a jury verdict, and imposing sentence.

Judgment reversed, on the law, and indictment dismissed, without prejudice to the People to re-present any appropriate charges to another Grand Jury *(People v Beslanovics,* 57 NY2d 726). Upon service upon him of a copy of the order to be made hereon, with notice of entry, the official having custody of the defendant's person is directed to produce him, forthwith, before the County Court, Suffolk County, at which time that court shall issue a securing order pursuant to CPL 470.45, either releasing the defendant on his own recognizance, or fixing bail, or committing him to the custody of the Sheriff pending resubmission of the case to the Grand Jury and the Grand Jury's disposition thereof *(cf.* CPL 210.45 [9]). Such securing order shall remain in effect until the first to occur of any of the following: (a) a statement to the court by the People that they do not intend to resubmit the case to a Grand Jury, (b) arraignment of the defendant upon an indictment filed as a result of resubmission of the case to a Grand Jury, (c) the filing with the court of a Grand Jury dismissal of the case following resubmission thereof, or (d) the expiration of a period of 45 days from the date of the order of this court to be made hereon, provided that such period may, for good cause shown, be extended by the County Court, Suffolk County, to a designated subsequent date if such be necessary to accord the People reasonable opportunity to resubmit the case to a Grand Jury.

During jury selection, the court denied defendant's challenge for cause of a juror who stated he had served on a Federal Grand Jury a year and a half prior to the instant trial. Defendant then exercised one of his peremptory challenges to strike the juror, and he exhausted all of his peremptories prior to the completion of jury selection. The challenge for cause was erroneously denied since the juror was disqualified pursuant to Judiciary Law § 511 (5). CPL 270.20 (2) provides, in part, that: "An erroneous ruling by the court denying a challenge for cause by the defendant does not constitute reversible error unless the defendant has exhausted his peremptory challenges at the time or, if he has not, he peremptorily challenges such prospective juror and his peremptory challenges are exhausted before the selection of the jury is complete."

Reversible error occurred due to the court's denial of the challenge for cause according to CPL 270.20 (2), and the conviction must therefore be reversed *(see, People v Foster,* 100 AD2d 200, *mod on other grounds* 64 NY2d 1144, *cert denied —* US —, 106 S Ct 166).

Reversal is also required due to the court's failure to give a limiting instruction to the jury with regard to the prosecution's impeachment of its own witness with her prior inconsistent statements to the Grand Jury. Although the impeachment was proper *(see,* CPL 60.35 [1]), the court was required to instruct the jury of its limited purpose *(see,* CPL 60.35 [2]).

We do not reach defendant's other contentions. Bracken, J. P., Rubin, Lawrence and Eiber, JJ., concur.