■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

KEVIN ANDERSON, Appellant.—Judgment, Supreme Court, New York County (Alvin F. Klein, J.), rendered July 20, 1983, after jury trial, convicting defendant of attempted robbery in the first degree and imposing a prison term of 2⅓ to 7 years, unanimously reversed, on the law, the judgment of conviction is vacated and a new trial ordered.

The Trial Judge denied defendant's challenge for cause of a prospective 77-year-old juror. Judiciary Law § 510 (2) provides that in order to qualify as a juror a person must be "less than seventy-six and not less than eighteen years of age".

CPL 270.20 (1) (a) authorizes a challenge for cause on the ground that the prospective juror does not have the qualifications required by the Judiciary Law.

Defendant utilized a peremptory challenge to the 77-year-old prospective juror and exhausted his peremptory challenges before the jury selection was complete. The People commendably concede that the court's failure to excuse the prospective juror for cause denied defendant a fair trial and constituted reversible error (People v Foster, 100 AD2d 200, 206, mod on other grounds 64 NY2d 1144).

Accordingly, we are ordering a new trial. Concur—Kupferman, J. P., Sandler, Carro, Fein and Rosenberger, JJ.