■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN MANDALA, Appellant. [600 NYS2d 492] —Appeal by the defendant from a judgment of the County Court, Nassau County (Baker, J.), rendered January 26, 1989, convicting him of manslaughter in the first degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to the police.

Ordered that the judgment is reversed, on the law, and the indictment is dismissed, without prejudice to the People to represent any appropriate charges to another Grand Jury *(see, People v Beslanovics,* 57 NY2d 726); and it is further,

Ordered that upon service upon him of a copy of this decision and order, with notice of entry, the official having custody of the defendant's person is directed to produce him, forthwith, before the County Court, Nassau County, at which time that court shall issue a securing order pursuant to CPL 470.45, either releasing the defendant on his own recognizance or fixing bail or committing him to the custody of the Nassau County Sheriff pending resubmission of the case to the Grand Jury and the Grand Jury's disposition thereof *(cf.,* CPL 210.45 [9]). Such securing order shall remain in effect until the first to occur of any of the following: (a) a statement to the court

by the People that they do not intend to resubmit the case to a Grand Jury, (b) arraignment of the defendant upon an indictment filed as a result of resubmission of the case to a Grand Jury, (c) the filing with the court of a Grand Jury dismissal of the case following resubmission thereof, or (d) the expiration of a period of 45 days from the date of this decision and order, provided that such period may, for good cause shown, be extended by the County Court, Nassau County, to a designated subsequent date if such be necessary to accord the People a reasonable opportunity to resubmit the case to a Grand Jury; the facts have been considered and are determined to have been established.

In connection with jury selection, a prospective juror completed a questionnaire revealing that in 1987 he had served on a jury in a civil case. During jury selection, defense counsel challenged the juror for cause "because he's been a juror within the last two years". However, the court summarily denied the challenge. The defense counsel proceeded to exercise a peremptory challenge against the juror and thereafter exhausted his remaining peremptory challenges.

We agree with the defendant that a reversal is warranted because of the court's denial of his request to remove the juror. Contrary to the People's contention, defense counsel articulated his ground for challenging the juror sufficiently to preserve this claim for appellate review (see, Judiciary Law § 511 [former (5)]; CPL 270.20 [2]; *People v Anderson,* 118 AD2d 488; *People v O'Hare,* 117 AD2d 757; *People v Foster,* 100 AD2d 200, *mod on other grounds* 64 NY2d 1144, *cert denied* 474 US 857).

We find no merit to the defendant's remaining contentions. Lawrence, J. P., Ritter, Copertino and Santucci, JJ., concur.