# SUPREME COURT—SPECIAL TERM—NEW YORK

## May, 1918.

## THE PEOPLE v. ADOLPH CALMBACHER.

### (103 Misc. 405.)

TRIAL—CERTIFICATE OF REASONABLE DOUBT—WHEN MOTION FOR GRANTED—JURY.

Upon the trial of an indictment charging defendant as an inspector of election with having made a false statement of the result of the canvass of the votes cast at a primary election declared by § 751 (12) of the Penal Law to be a misdemeanor and by § 766 of said law to be a felony, it appeared that defendant did not personally inspect each ballot during the canvass but, in signing the alleged false statement, relied upon the public announcement of the contents of each ballot as declared by the chairman of the board of inspectors who falsely announced the votes on a number of ballots. A jury, which had just completed its duty on the trial of another inspector who was charged with the commission of a similar crime, upon being impaneled to try the defendant was challenged for cause on the ground that they had served as jurors in the previous case in which the defendant then on trial, after the prosecution had rested, pleaded guilty. The trial judge, before passing upon the challenge, stated that counsel might interrogate the jury whether they would in the slightest degree be prejudiced in the trial of the instant case and each juror answered in the negative, whereupon the challenge was overruled and defendant excepted. Upon motion for a certificate of reasonable doubt, *held*, that under § 377 (5) of the Code of Criminal Procedure it is a ground for challenge for implied bias that a juror had " served on a trial jury which had tried another person for the crime charged in the indictment " the correctness of the ruling of the trial court was doubtful.

SAME—CHARGE—ELECTIONS—PENAL LAW, §§ 751, 766—ELECTION LAW, § 368.

The trial judge on request of counsel charged the jury that to warrant a conviction defendant's act must have been a " wilful one " with the modification " that the law presumes a man to intend to do that which he does. When he signs his name to that paper it is for you to say whether he did it in obedience to the dictates of his mind." After defendant's counsel had excepted to the modification he asked the court

to charge that "if the jury finds the defendant acted honestly and believed the count to be correct that he is not guilty," to which the court replied: "I decline to charge in the language requested." *Held*, that it was doubtful whether the refusal to charge was correct; it was also a matter of serious doubt whether the trial justice did not commit an error in refusing on request of counsel to explain the duty of an inspector of elections as set forth in § 368 of the Election Law which prescribes the method of canvassing ballots, though the court did charge the jury with reference to § 85 of said law which has reference to the canvass of votes and is to be read in conjunction with § 368 of said law.

MOTION for a certificate of reasonable doubt.

*Robert S. Johnstone,* for People.

*Bernard Braun,* for defendant.

GREENBAUM, J.:

This is a motion for a certificate of reasonable doubt. Defendant, an election inspector, was charged in two separate counts of an indictment with violation of section 751, subdivision 12, and section 766 of the Penal Law in making a false statement of the results of the votes cast at a primary election of candidates for the mayoralty nomination. The charge under section 751 was a misdemeanor and that under section 766 was a felony. He was convicted upon the first of these counts. Section 751, so far as material, reads that any person who "Being * * * an election inspector * * * willfully * * * makes * * * at a primary election " a false statement of the result of the canvass of the ballots cast thereat " is guilty of a misdemeanor." Section 766, so far as material here, reads: " False returns. An inspector * * * of an election * * * who intentionally makes * * * any false statement of the result of a canvass * * * is guilty of a felony." Briefly stated, the testimony showed that the defendant did not personally inspect each ballot during the canvass, but in signing the alleged false statement relied upon the

public announcement of the contents of each ballot as declared
by the chairman of the board of inspectors; that the chairman
falsely announced the votes on a large number of the ballots as
having been cast for Mr. Mitchel, one of the candidates, instead
of announcing them for Mr. Bennett, another candidate.    The
chairman had also been indicted for signing a false statement
in violation of the provisions of the Penal Law and pleaded
guilty.    It also appears from the testimony that the defendant
had been assigned to act as ballot clerk.    The defendant asserts
numerous alleged errors detrimental to him during the conduct
of the trial.    Among others, that the same jury was impaneled
to try the case of the defendant, which had just completed its
duties in the trial of another inspector, who was charged with
the commission of a similar crime, and who, after the prosecu-
tion had rested, pleaded guilty.    The defendant's counsel chal-
lenged the panel for cause upon the ground that the jurors about
to be impaneled in his case had served as jurors in the previous
case.    The court stated that before passing upon the challenge
the counsel might interrogate the jury whether they would in
the slightest degree be prejudiced in the trial of the instant
case.    All the members of the jury answered in the negative.
The court thereupon overruled the challenge and defendant
excepted.    Subdivision 5 of section 377 of the Code of Criminal
Procedure provides a ground of challenge for implied bias that
a juror had " served on a trial jury which has tried another
person for the crime charged in the indictment."    It seems to
me that a question of doubt is here presented as the correctness
of the ruling of the learned trial court.    Further errors are
claimed in the justice's charge.    Among these was a request to
charge that the act of the defendant must be a " willful one "
to warrant a conviction.    The court charged as requested, with
the modification " that the law presumes a man to intend to
do that which he does.    When he signs his name to that paper
it is for you to say whether he did it in obedience to the dictates
of his mind."    The defendant excepted to the modification and

then asked the court to charge " if the jury find the defendant acted honestly and believed the count to be correct that he is not guilty," to which the court replied: " I decline to charge in the language requested." It seems to me that a doubt arises as to the correctness of the court's refusal to charge as requested. Construing a penal statute which contained the word " willfully," Judge Andrews, in Wass v. Stephens (128 N. Y. 128), defined the word as follows: " But the word ' willfully ' in the statute means something more than a voluntary act, and more also than an intentional act which in fact is wrongful. It includes the idea of an act intentionally done with a wrongful purpose, or with a design to injure another, or one committed out of mere wantonness or lawlessness." It seems to me that it may be fairly argued that effect must be given to the word " willfully " as employed in section 751, for violation of which the defendant was convicted, as indicated in the Wass Case (*supra*). Otherwise the mere act of signing an untrue statement in itself would constitute a crime under the act, regardless of whether the act was intentionally or willfully done. It also appears to me a matter of serious doubt whether the learned trial justice did not commit error in refusing to explain to the jury what the duties of an inspector of elections were, as set forth in section 368 of the Election Law. The court was specifically requested to call the attention of the jury to the provisions of that section, which was declined, and to which exception was taken. The Electon Law is a body of law that was passed on February 17, 1909. Section 70 of the Election Law provides for the " Organization and conduct of official primaries," and it contains six subdivisions. Subdivision 1 reads as follows: " 1. Election inspectors for each election district within or comprising a primary district shall be the election officers for such primary district." Subdivision 4 reads: " 4. The primary election officers shall perform the duties required of election officers at a general election, and such additional duties as are in this chapter prescribed," etc. Subdivision 6 reads: " 6. Subject to only such

.differences as are herein provided or as may be necessary," the primary in a city of over one million inhabitants shall be conducted in the same manner as the general election, etc. The learned court charged the jury with reference to section 85 of the Election Law, which has reference to "Canvass of votes." The court, however, did not call the attention of the jury to section 368 of the Election Law, which bears the caption "Method of canvassing," and reads, so far as is here material, as follows: "1. Method of canvassing ballots generally. Except as hereinafter specially provided, the method of canvassing ballots shall be as follows. The chairman of the board of inspectors shall personally unfold each ballot of the kind then to be canvassed in such a manner that its face shall be down and all marks thereon shall be wholly concealed, and he shall place all the ballots, so unfolded and with their faces down, in one pile. He shall then take up each ballot in order, turn its face up, and announce in a loud and distinct voice, the vote registered on the first section or that the ballot is void or that the section is blank, as the case may be. He shall then turn the ballot face down and place it in a new pile. When he has announced the votes on the first sections of all the ballots of the kind then to be canvassed, and the poll clerk's tallies, made as hereinafter provided, are proved to be correct, the official return provided for in article thirteen shall be filled out and signed. Then, and not before, the chairman shall proceed to canvass in like manner the votes upon the sections remaining to be canvassed, completing the canvass of each ballot as he proceeds, and thus he shall proceed until all the ballots have been canvassed. As each vote is announced each poll clerk shall immediately tally it in black ink, with a downward stroke from right to left upon the official tally sheet provided for the purpose, also carefully tallying one for each blank" or void vote. Each poll clerk as he tallies a vote shall clearly announce "the name of the candidate for whom he tallies it, or that he tallies the vote blank or void, as the case may be, or in case of a question submitted that he tallies the

vote ' Yes ' or ' No,' as the case may be, and until such announce-
ment by each poll clerk the chairman shall not announce another
vote." It would seem to be evident from the sections of the
Election Law herein quoted that section 368 is to be read in
conjunction with section 85, and that the former describes the
method to be pursued in canvassing the vote or ballots. In each
of the cases before me the defendant claimed that he relied upon
the correctness of the announcement of the true vote or ballot
by the chairman. Although the word " canvassing " used with-
out any qualifications would import the idea of an inspection
of the ballots on the part of those who canvassed, yet where the
Legislature has deemed it fit specifically to prescribe a detailed
method of canvassing, such as we find in section 368, a fair ques-
tion arises as to whether the inspectors other than the chairman
had not complied with their duty if they honestly recorded the
vote as announced by the chairman believing it to be true, and
whether or not it was the express duty of each inspector to verify
the chairman's announcement by a personal inspection of the
ballot. Whatever the construction of this section might be, it
sems to me to raise a question of a serious doubt whether the
defendant was not justified in asking the court to read or explain
the provisions of section 368 so that the jury might understand
what the law in that regard is, as bearing upon the question as
to whether or not the alleged false statement signed by the
defendant was done " willfully " or " intentionally." For the
foregoing reasons I am of opinion that the defendant is entitled
to a certificate of reasonable doubt.

Motion granted.