THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff *v.* CONGRESS RADIO, INC., and Another, Defendants.*

Court of General Sessions, County of New York, February 5, 1929.

*Joab H. Banton, District Attorney* [*Albert Blogg Unger* of counsel], for the People.

*Joseph A. Gavagan,* for the defendants.

COLLINS, J.   This case was regularly on the day calendar for trial.   It appearing that the determination of the case almost wholly depended upon the question of law involved, counsel for the People and for the defendant agreed that the question should be raised by demurrer so as to preserve the right to appeal in the event of the case being decided adversely to the People.   The defendants thereafter interposed this demurrer.

The indictment charges: " The said defendants in the County of New York aforesaid, on the 17th day of September, 1928, feloniously and knowingly did have in their possession, a certain mechanical

* Affd., 226 App. Div. 784.

device of the kind commonly called Majestic Radio Receivers, from which the manufacturer's serial number and identification mark had been removed for the purpose of the concealment of the identity of the said mechanical device; against the form of the statute in such case made and provided, and against the peace of the People of the State of New York and their dignity."

The statute alleged to be violated is section 436-a of the Penal Law which provides as follows:

" § 436-a. Defacing or removing identification marks.

" A person who:

" 1. Wilfully removes, defaces, covers, alters or destroys the manufacturer's serial number or any other distinguishing number or identification mark on any motor vehicle, as defined in section two hundred and eighty-one of the highway law, or on any mechanical device, or

" 2. Knowingly buys, sells, receives, disposes of, conceals or knowingly has in his possession any motor vehicle, as defined in section two hundred and eighty-one of the highway law, or any mechanical device, from which the manufacturer's serial number or any other distinguishing number or identification mark has been removed, defaced, covered, altered or destroyed for the purpose of concealment or misrepresenting the identity of the said motor vehicle, or mechanical device, is guilty of a felony."

Both defendants demur on the grounds:

*First.* That the facts alleged and charged in said indictment do not constitute a crime,

*Second.* That the acts charged in said indictment do not constitute a crime nor do they fall within the purview, meaning and intent of section 436-a of the Penal Law.

There are two other grounds stated raising a constitutional question involving the State and Federal Constitutions which because of the conclusions I have reached are unnecessary to pass on here.

A radio receiver is an instrument of such general and well-known use that I believe the court is justified in taking judicial notice of the fact that a radio receiver is a stationary instrument for reproducing sound transmitted on an electrical wave from a radio broadcasting station and intercepted by the radio receiver or a radio receiver and antenna, retransmitting the sound through ear phones or through the medium of a loud speaker, a device used in connection with the radio for the purpose of making the sound audible throughout a larger field than that achieved by the use of the ear phones. The radio receiver is usually composed of vacuum tubes containing special elements, and of other instruments referred to as inductances, capacites and resistances, and devices for their control, so wired

and arranged to receive the electrical charges necessary for operation. The word " Majestic " is merely a trade name applied to the particular type of radio referred to in the indictment. Whether technically speaking, a radio receiver is to be deemed an electrical device as distinguished from a mechanical device need not be here determined for the purpose of this decision, but it is for the purpose of this demurrer assumed to be a mechanical device.

The statute as originally enacted, chapter 708 of the Laws of 1917, provided the same as the present subdivision 2, except that the words relating to mechanical devices and the word " felony " were not included. By chapter 119 of the Laws of 1920 the present subdivision 1 was added, not including the words " or on any mechanical device." In both the statutes of 1917 and 1920 the offense was made a misdemeanor. By chapter 392 of the Laws of 1922 the words " or on any mechanical device " at the end of subdivision 1, and the words " or mechanical device " on the last line of subdivision 2 were added and· the word " misdemeanor " stricken out and the offense made a felony. By chapter 407 of the Laws of 1928 the words " or any mechanical device " were repeated and added in subdivision 2 after the words " two hundred and eighty-one of the highway law."

It is clear that originally the purpose of this statute related to motor vehicles only and even the words " motor vehicle " were limited " as defined in section two hundred and eighty-one of the highway law," which prior to 1928 provided: " The term ' motor vehicle ' as used in this article, except where otherwise expressly provided, shall include all vehicles propelled by any power other than muscular power, except motor bicycles, motor cycles, traction engines, road rollers, fire wagons and engines, police patrol wagons, ambulances and such vehicles as run only upon rails or tracks," and this section was further amended by chapter 468 of the Laws of 1928 by adding to the exceptions referred to the following: " agricultural tractors, tractor cranes, steam shovels, road building machinery, electric trucks with small wheels used in factories, warehouses and railroad stations and operated principally on private property." The conclusion is, therefore, justified that in so far as the term " motor vehicle " is concerned, the Legislature intended to include what is generally known as an automobile as commonly used on highways, and nothing else.

The words relating to mechanical devices were added to the statute as above indicated and it is urged by the People that the employment of these words enlarged the scope of the statute so extensively as to include all the various kinds of mechanical instruments used by mankind in this State, whether such mechanical devices or instru-

ments relate to an automobile or not. I do not believe this broad construction is justified and am of the opinion that the rule of *ejusdem generis* applies.

In *Bers* v. *Erie R. R. Co.* (225 N. Y. 543, 546) that rule is stated as follows: " ' When a particular class is spoken of, and general words follow, the class first mentioned is to be taken as the most comprehensive ' (*Matter of Hermance*, 71 N. Y. 481, 487) and the general words are restricted to those of the same kind (*ejusdem generis*)." In *Burks* v. *Bosso* (180 N. Y. 341, 344) the court said, applying the doctrine stated: " One of the well-settled canons of statutory construction is that purely statutory offenses cannot be established by implication, and that acts in and of themselves innocent and lawful, cannot be held to be criminal unless there is a clear and unequivocal expression of the legislative intent to make them such. (*People* v. *Phyfe*, 136 N. Y. 554)," and citing as sustaining the doctrine of *ejusdem generis: People* v. *Richards* (108 N. Y. 137); *People* v. *N. Y. & Manhattan Beach R. Co.*, (84 id. 565); *Sims* v. *U. S. Trust Co.* (103 id. 472, 479); *Matter of Hermance* (71 id. 481); *Mangam* v. *City of Brooklyn* (98 id. 585, 595).

This rule of construction is not confined to legislative enactments only but is general in application. In *Matter of Robinson* (203 N. Y. 380, 386) it is stated as follows: " The rule which we are applying is that where certain things are enumerated, and such enumeration is followed or coupled with a more general description, such general description is commonly understood to cover only things *ejusdem generis* with the particular things mentioned."

Applying the rule of construction stated, it would follow that the words " mechanical device " apply to automobiles only, and to mechanical devices used on automobiles. To give the statute, under these circumstances, any other construction, especially that urged by the People, would give an ambiguous phrase or clause such force and scope as could not have been intended by the Legislature.

The purpose of such regulations relating to automobiles is clear, and similar statutes have been sustained throughout the country. The primary object is to prevent the concealment of theft by the destruction or concealment of identification marks and to guard against the use of automobiles in the commission of crime where the removal of the identifying marks would tend to serve the escape of the criminal. It is urged by the defendants that the only reason for a statute of this nature applying to radios would be to permit a manufacturer or dealer in radios to trace the sale of his machines and thereby prevent distributors underselling to others in the trade. Whatever the purpose may be said to be, however, I am of the opin-

ion that the words relating to mechanical devices in this statute are not to be construed so as to include radios.

Apart from the application of the doctrine *ejusdem generis* in this case, there is another circumstance which in my opinion clearly negatives the conclusion that the Legislature intended to include mechanical devices not related to automobiles. The same Legislature which added the words " or any mechanical device " to section 436-a, subdivision 2, of the Penal Law in 1928, in the same year added to the exceptions in its definition of motor vehicle as employed in section 436-a the large number of additional exceptions referred to above in its amendment to section 281 of the Highway Law. Could it be said that the Legislature limited its meaning of the term " motor vehicle " by the large number of exceptions of electrical and mechanical devices, supplemented by the increase of 1928, in the Highway Law, and then immediately included them by the use of the phrase " or any mechanical device." Certainly, if a radio is a mechanical device, so are all the exceptions referred to in the section of the Highway Law, and to give the construction to the statute sought by the People would give the effect of such gross inconsistency as to include the exceptions again by a subsequent phrase in the same act. This would operate by making absolutely inapplicable section 281 of the Highway Law, notwithstanding the express provisions of both subdivisions of the Penal Law, and thus operate as a repeal of the words " as defined in section two hundred and eighty-one of the highway law " which still remain in both said subdivisions. If any proponent of the amendment of 1928 or the previous amendments as to " mechanical device " thought radios were thus being included, while it might not have prevented the defeat of his purpose, it would undoubtedly have been wise to have placed brackets around the words referring to the Highway Law in his proposed amendment, and thus achieved their repeal if enacted in that form. The conclusion seems irresistible that the Legislature could not have intended the incongruity that would arise by a construction making the act applicable to all and every kind of a mechanical device whether or not used in connection with an automobile.

The statute should be construed, in my opinion, so as to give the limited application to the phrase " mechanical device " as indicated, not only as governed by the rule *ejusdem generis* but, in addition, by the natural, logical deductions of the act itself as expressive of the legislative intention.

The demurrer is sustained and the indictment dismissed.