OPINION OF THE COURT
Herbert Shapiro, J.
Is a potential juror, who had previously served On a jury where the indictment charged the crime of attempted murder, subject to a challenge for cause on the trial of a subsequent indictment for attempted murder involving a different incident and a different defendant? This was the question raised by the defendant’s attorney during the jury selection process in the instant case and which he contended should be answered in the affirmative.
The almost reflex reaction of the court was that such contention was frivolous and should be summarily rejected.* Defendant, however, persisted and pointed to the language of subdivision (1) (e) of CPL 270.20. That provision reads as follows:
"1. A challenge for cause is an objection to a prospective juror and may be made only on the ground that * * *
"(e) He served on the grand jury which found the indictment in issue or served on a trial jury in a prior civil or criminal action involving the same conduct charged in such indictment”.
Defendant contends that a literal reading of the subdivision requires that a juror who has served on one trial jury involving a charge of attempted murder may not thereafter serve on another trial jury where the charge to be tried is attempted murder, irrespective of whether there is any relationship between the specific acts or the defendants in the two cases.
A reading of the language of the subdivision leads one to conclude that the argument made by defendant may not be quite as frivolous as this court initially thought it to be. What is meant by the phrase "involving the same conduct”? Does it mean — as defendant contends — merely the same crime or does it mean the same incident and/or the same defendant?
Research has proven to be of little assistance. The only *961 reported case found (People v Calmbacher, 103 Misc 405) which touches the question, dealt with an interpretation of the predecessor statute (Code Crim Pro § 377 [5]). One of the issues presented to Special Term in that case was whether a refusal to grant a challenge for cause constituted error. The Code of Criminal Procedure language there involved was as follows:
"A challenge for implied bias may be taken for all or any of the following causes, and for no other * * *
"5. Having served on a trial jury, which has tried another person for the crime charged in the indictment”.
In the Calmbacher case (supra) the defendant, an election inspector, was charged with making a false statement as to the results of the voting in a primary election. Another election inspector also had been indicted for a similar crime and had pleaded guilty at the end of the prosecution’s case. Thereafter, the same jury was assigned to serve in the Calmbacher case. Counsel for the defendant then challenged the panel for cause based upon their service in the first election inspector case, relying upon the provisions of subdivision (5). The trial court denied the challenge. In reviewing that denial, Special Term did not directly rule on the propriety of the denial but merely stated: "It seems to me that a question of doubt is here presented as to the correctness of the ruling of the learned trial court” as to the denial of the challenge for cause (supra, at 408).
While the language of the predecessor section, as compared to the present section, is different, the former would appear to suffer from the same lack of clarity as the latter. There, as indicated, Special Term found doubt to exist as to its meaning.
Since there appeared to be no reported case directly resolving the issue presented, this court sought to obtain an insight into the meaning intended by the Legislature in enacting CPL 270.20 (1) (e). A search for pertinent legislative or gubernatorial memoranda directed to that subdivision however proved fruitless even after an examination of the appropriate legislative bill jacket.
In the absence of any definitive'ruling or other guide as to the meaning of subdivision (1) (e), it would appear that a reported decision thereon would be useful to litigants and the trial courts if this question again be raised. Hence the reason for this opinion.
It is the conclusion of this court that the challenge for cause *962 here asserted must be denied. It would appear that to sustain the position that the prospective juror may be challenged for cause in the circumstances here presented would seriously and adversely affect the availability of jurors for service. However, it is recognized that such unfortunate result would not suffice, in of itself, to constitute a basis for rejecting the challenge if the statutory language Clearly made the challenge appropriate.
The subdivision (CPL 270.20 [1] [e]) authorizes a challenge for cause when a prospective juror "served on the grand jury which found the indictment in issue”. It then proceeds to state that disqualification for cause is appropriate where the prospective juror served on a trial jury in a prior civil or criminal action "involving the same conduct charged in such indictment”.
It is the view of the court that the phrase "the same conduct” means more than merely the same general type of accusation, i.e., attempted murder, as here, but rather means the same alleged incident and the same acts in connection therewith alleged to have been committed. Had this not been the intent of the Legislature it surely would have used language omitting the phrase "same conduct” and substituted therefor a phrase more akin to "same category of crime”, "the same type of charge” or another more appropriate phrase. Not having employed such language it must be concluded that the Legislature did not intend to create a category of disqualification with so broad an impact on the availability of jurors for service. Had they intended to enact legislation which would cause such a result surely they would have, as indicated, used language more specific in pointing to such a result.
The challenge for cause is denied.
It is respectfully suggested that it might not be inappropriate for the Legislature to reconsider the statutory language in question and amend it so as to make its intention more clear. A copy of this decision will, accordingly, be sent to the appropriate legislative committees.

 Counsel for the defendant assured the court, however, that many trial courts have upheld such challenges. In the face of such representation and the absence of case law, the court thought it might be useful to dispose of the question in a written opinion.