THIRD DEPARTMENT, MARCH, 1988

(March 3, 1988)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES B. WALES, SR., Appellant.—Yesawich, Jr., J. Appeal from a judgment of the County Court of Broome County (Coutant, J.), rendered December 7, 1984, upon a verdict convicting defendant of the crimes of murder in the second degree (two counts) and rape in the first degree.

Defendant was convicted of the brutal rape and murder of a 12-year-old girl who had stopped at his home collecting for her newspaper route. After a police search uncovered the girl's body in defendant's basement, he admitted killing her.

Extensive pretrial publicity on this case, other contemporaneous murders and child abuse incidents in the locality prompted a protracted jury voir dire at defendant's trial. Defendant's appeal focuses primarily on County Court's denial of certain challenges for cause made by defendant. One such challenge was to juror Frank Clark, predicated upon Judiciary Law § 511 (5), because he had actually served on a petit jury within the previous year. The statute disqualifies from jury duty all who have "served on a grand or petit jury within the state * * * within two years of the date of his next proposed service" (supra). County Court denied the challenge based on a misreading of a rule of this court (22 NYCRR 820.15)* which disqualifies from service those jurors who have been in *attendance* at a term or part of court for at least five days unless sooner discharged. Defendant's counsel acquiesced in County Court's construction of this court's rule but continued to challenge juror Clark for cause based on his supposed state of mind. This challenge was also denied, after which defendant expended a peremptory challenge to remove this juror from the panel. Defendant subsequently exhausted his peremptory challenges before selection of the jury was complete.

The People contend that a disqualification based on prior jury service is nothing more than a "technical" objection to a juror's qualification and cannot render a verdict jurisdictionally defective because the Legislature's purpose in enacting this provision was to save commissioners of jurors and potential jurors time and money (Mem on Original Draft Bill, May 31, 1978, Governor's Bill Jacket, L 1978, ch 239) and does not go to the juror's impartiality and competence. This argument is unavailing as *People v Foster* (100 AD2d 200, *mod on other grounds* 64 NY2d 1144, *cert denied* 474 US 857) makes quite clear. There it was observed that "the failure to exclude a disqualified juror after a timely and adequate objection by a defendant necessarily affects the verdict and cannot be considered harmless error" (supra, at 206-207; *see also, People v Culhane,* 33 NY2d 90, 97).

However, the People make a convincing argument that the issue of whether defendant's challenge of juror Clark for cause was properly denied has not been preserved for our review. A

---

* 22 NYCRR 820.15 has since been supplanted by 22 NYCRR 128.9 (b).

question of law is preserved for appellate review only when the trial court is apprised of the objection and afforded an opportunity to cure the error *(see,* CPL 470.05 [2]). The colloquy between County Court and defense counsel respecting the propriety of Clark sitting as a juror manifests defendant's acceptance of the court's understanding of 22 NYCRR 820.15 and, thus, did not put the court on notice that its interpretation was being questioned. That colloquy was as follows:

"DEFENSE COUNSEL: Mr. Clark, in addition to having uncertainty as to whether or not he can apply the insanity defense, he's served on a jury within the past two years. Under Section 511 subdivision 5 of the Judiciary Law, it's my understanding that he is necessarily disqualified.

"THE COURT: That was in town court, wasn't it?

"DEFENSE COUNSEL: That's correct.

"THE COURT: I think that we can ask the duration of service. If it was less than five days under the rules of the Appellate Division, that does not disqualify him.

"DEFENSE COUNSEL: That may be. I didn't know about the five-day rule.

"THE COURT: We can ask if you like.

"DEFENSE COUNSEL: Sure.

"THE COURT: Mr. Clark, you sat on a jury how long ago?

"JUROR CLARK: Within the last year in Whitney Point, a town jury.

"THE COURT: How long did you sit on that trial?

"JUROR CLARK: A day, day-and-a-half or something.

"THE COURT: Thank you. That does not serve as a disqualification, the challenge on that basis.

"DEFENSE COUNSEL: My challenge remains on his state of mind, Judge, and the inability of the oath to wipe out that state of mind."

In our view, defense counsel's response to County Court's ruling was not sufficient to put the court on notice that its interpretation was being called into question *(see, People v Fleming,* 70 NY2d 947, 948). Moreover, no objection was made during the following three days of jury selection when the error could have readily been corrected by the grant of an additional peremptory challenge *(see, People v Hines,* 109 AD2d 893, *lv denied* 66 NY2d 764). That defendant assented to the ruling, or at the very least evinced an intention to waive his objection to it, is apparent from the fact that other jurors interrogated after juror Clark, who also acknowledged

having had jury service within the last two years, were not challenged for this reason by defense counsel; indeed in one instance, involving the seating of an alternate juror defense counsel unreservedly, if not eagerly, found the juror acceptable. Since defendant has not preserved this issue for review and our reading of the record discloses that he was not deprived of a fair trial, we decline to consider this matter in the interest of justice.

Defendant also challenged the impartiality of a number of jurors because they presumably exhibited hesitancy as to their ability to properly weigh defendant's insanity defense. Dismissal for cause in such cases is to be granted when there is a substantial risk that an alleged predisposition will affect the juror's capacity to discharge his responsibilities *(see, People v Torpey,* 63 NY2d 361, 367). This determination lies largely with the trial court, given its superior opportunity to study and evaluate the jurors *(People v Williams,* 63 NY2d 882, 885). We find the jurors' expressions here to be nothing more than abstract and understandable misgivings about applying the insanity defense which vanished during the voir dire examination in the case of the jurors chosen; therefore, no basis for reversal exists on this point.

Defendant is also displeased with County Court's decision not to include in its charge on the defense of mental defect or disease *(see,* CPL 300.10) a statement that the jury may consider the "irrational or bizarre" nature of the incident *(see,* 1 CJI[NY], PL 30.05, at 830). County Court reasoned that such an instruction in the circumstances of this case would be tantamount to telling the jury that the crime was in fact irrational or bizarre, a matter about which the defense and prosecution sharply differed. The court, not required to charge verbatim from Pattern Jury Instructions, appropriately interpreted the guidelines in the Criminal Jury Instructions (New York) which urge that such statements be made only if relevant. The instructions given in no way fall short of the requirements of CPL 300.10 (2) or deprived defendant of a fair trial *(see, People v Saunders,* 64 NY2d 665, 667).

Finally, County Court did not err by imposing the rape sentence consecutive to the concurrent murder sentences for the rape and strangulation of the victim were the result of separate and distinct crimes *(see, People v Truesdell,* 122 AD2d 444, 446, *affd* 70 NY2d 809; *People v Williams,* 114 AD2d 683, 685).

Judgment affirmed. Mahoney, P. J., Casey, Yesawich, Jr., and Harvey, JJ., concur.