*916 OPINION OF THE COURT
Dana M. Jaffe, J.
The defendant moves pursuant to CPL 330.30 and 370.10 for an order setting aside the verdict upon the grounds that (1) the court committed reversible error by improperly allowing the People’s challenge “for cause” of a prospective juror and the People’s peremptory challenges were ultimately exhausted before jury selection was complete; (2) the defendant was deprived of a fair trial because of the People’s prosecutorial misconduct during summation; and (3) improper conduct by a juror during deliberations, out of the presence of the court, may have affected a substantial right of the defendant. The People oppose the defendant’s motion.
I. Procedural History
In January 2004, the defendant was charged by way of a simplified traffic information, with a violation of Vehicle and Traffic Law § 1192 (2) (operating a motor vehicle while intoxicated per se; that is, with a blood alcohol content of .08% or more by weight of alcohol in his blood) and Vehicle and Traffic Law § 319 (1) (operating a motor vehicle without insurance).
In February 2005, after a two-week jury trial, the jury returned a verdict of guilty on the charge of Vehicle and Traffic Law § 1192 (2) (driving while intoxicated — per se).
In May 2005, the defendant filed the instant motion to set aside the verdict, pursuant to CPL 330.30 and 370.10 upon the above-mentioned grounds.
The defendant has not been sentenced.
II. Jury Challenge “For Cause”
(A) Relevant Factual History
In this case, during jury selection, a group of 14 prospective jurors were seated in the jury box, addressed by the court and questioned by the parties. Outside the presence of the prospective jurors, the court entertained “for cause” and “peremptory” challenges by the parties. In the event that one of the parties did not consent to a “for cause” challenge, the court was requested to make a ruling on said challenge.
At one point, the People requested that a prospective juror be excluded from service “for cause” as said prospective juror had served on a previous jury wherein the defendant, in the previ *917 ous case had been charged with Vehicle and Traffic Law § 1192 (2), the same charge as the charge in the instant case. The defense counsel questioned whether the juror had to be removed as a matter of law. The court indicated “yes.” The prospective juror was excused from service, by this court, “for cause,” as a matter of law, pursuant to CPL 360.25 (1) (e). After a discussion off the record, the defense counsel stated on the record that he did not consent to the court’s ruling. (The relevant record regarding the challenge “for cause” of this prospective juror is set forth on pages 104-105 of the court transcript.)
The court’s ruling was based upon the plain reading of CPL 360.25 (1) (e). Moreover, although not stated on the record, this court reasoned, that said ruling was appropriate, especially in light of the recent change in the specific driving while intoxicated (DWI) statute, in which the defendant was charged. (In 2002, Vehicle and Traffic Law § 1192 [2], the New York State “driving while intoxicated per se” statute was amended to change the blood alcohol percentage level from .10% to .08%.)
Prior to the end of jury selection, the People had exhausted all of their peremptory challenges (see, transcript at 154). Moreover, before the entire jury panel was sworn, the defense counsel again stated its objection to this court ruling, allowing the People’s challenge “for cause,” pursuant to CPL 360.25 (1) (e). The court transcript (at 157) reads, in relevant part, as follows:
“me brunetti: I don’t know if your court reporter had it [ — ] you removed Mr. XXXX. I want you to know we didn’t consent to that. I understand you said it was by statute, ... I want to inake it clear we didn’t consent. We object to that. Obviously it’s already done if that’s the statute based upon what you said.
“the court: Please make any record at the time.
“me brunetti: I did say I did not consent? I just want to make sure.
“the court: Let’s swear in the other three.”
(B) Legal Analysis
CPL 360.25 (1) sets forth the New York statutory grounds for challenges “for cause” of a prospective juror, in a criminal case involving charges by way of an information. CPL 360.25 (1) (e) reads, in pertinent part, that:
“A challenge for cause is an objection to a prospective member of the jury and may be made only on *918 the ground that: . . .
“He served on a trial jury in a prior civil or criminal action involving the same conduct charged; or where a prosecutor’s information was filed at the direction of a grand jury, he served on the grand jury which directed such a filing.” (Emphasis added.)
The defendant interprets the phrase “same conduct charged” to mean that the prospective juror in the instant case served as a juror in an earlier proceeding involving the same conduct charged, with the same defendant. The People claim that the defendant did not preserve the issue for appellate review and that the court should apply the plain reading of the statute and conclude the “same conduct charged” to mean that the prospective juror served as a juror at a previous trial involving the same type of crime.
(i) Preservation and Harmless Error
The first issue raised by the People is whether a motion to set aside a verdict, pursuant to CPL 330.30 (1), requires preservation of the objection, in the trial record, in order for the court to consider the motion to set aside the verdict. CPL 330.30 sets forth the statutory grounds upon which a judge may set aside or modify a guilty verdict before sentence. CPL 330.30 is applicable to the instant case, pursuant to CPL 370.10.[1] Subdivision (1) of CPL 330.30 reads, in relevant part, as follows: “Any ground appearing in the record which, if raised upon an appeal from a prospective judgment of conviction, would require a reversal or modification of the judgment as a matter of law by an appellate court.”
Thus, CPL 330.30 (1) permits a trial judge to set aside a verdict only as a matter of law. Appellate review on the law requires the issue be preserved (see, People v Thomas, 8 AD3d 303 [2d Dept 2004]). Thus, a timely protest is an essential prerequisite for relief under a CPL 330.30 (1) claim of an error of law, unless the error has deprived the defendant of a fundamental right (see, People v Davidson, 98 NY2d 738 [2002]; People v Padro, 75 NY2d 820 [1990]; People v Antommarchi, 80 NY2d 247 [1992]). A question of law is preserved for appellate review *919 when the trial court is apprised of the objection and afforded an opportunity to cure the error (People v Wales, 138 AD2d 766 [3d Dept 1988]; CPL 470.05 [2]). This court has found two appellate level cases that hold that a timely objection to disqualify a juror is required during jury selection, otherwise no judgment would be safe from attack (see, People v Wales, 138 AD2d 766 [3d Dept 1988], supra; People v Foster, 100 AD2d 200 [2d Dept 1984]).
In the instant case, court finds that defense counsel had put this court on notice that the defense did not agree with the court’s ruling to allow the People’s challenge “for cause.” The record reveals that after this court made the determination to allow the People’s challenge “for cause,” the defense counsel stated to the court that “we’re not consenting” (see, court transcript at 104-105). Moreover, before the entire jury was sworn, defense counsel again made clear his objection to the court’s ruling (see, court transcript at 157). Thus, the court finds that the defendant did timely object to the court’s ruling.
Furthermore, in order to preserve an erroneous ruling for a challenge “for cause” during jury selection, the New York statutory scheme requires the People to have exhausted their peremptory challenges before completion of jury selection (see, People v Foster, 100 AD2d 200 [2d Dept 1984], supra). CPL 270.20 (2), applicable to the instant case pursuant to CPL 360.25 (2),[2] reads, in relevant part, that “[a]n erroneous ruling by the court allowing a challenge for cause by the people does not constitute reversible error unless the people have exhausted their peremptory challenges at the time or exhaust them before the selection of the juiy is complete . . . .” Subdivision (2) of CPL 270.20 goes on to state that the denial of a defendant’s for cause challenge is not reversible error unless the defendant has exhausted all peremptory challenges or uses a peremptory challenge against the disputed juror and later exhausts all such challenges. In laying out these requirements, the statute contemplates remedial action by the appellate court when the trial court improperly grants or denies a challenge for cause (see, People v Foster, 100 AD2d 200 [1984], supra).
New York courts have enforced the statutory requirements for preservation by the exhaustion of peremptory challenges strictly (see, People v Foster, 100 AD2d 200 [1984], affd as mod 64 NY2d 1144 [1985]). The exhaustion of peremptory challenges *920 constitutes the harm to trigger the statutory remedy contemplated in CPL 270.20 (2) (see, People v Cahill, 2 NY3d 14 [2003]). The Court of Appeals has held that when a trial court rules in violation of CPL 270.20 (1), a new trial is the only possible remedy (see, People v Cahill, 2 NY3d 14 [2003], supra).
In the instant case, the record is clear that prior to the end of jury selection, the People had exhausted all of their peremptory challenges and thus the court’s ruling is preserved for appellate review.
Accordingly, this court will consider the defendant’s argument with regard to the court’s interpretation of CPL 360.25 (1) (e).
(ii) CPL 360.25 (1) (e)
Statutory construction is a function of the courts (see, McKinney’s Cons Laws of NY, Book 1, Statutes § 75; see also Matter of Yong-Myun Rho v Ambach, 74 NY2d 318 [1989]). Statutory construction requires, that when the language of a statute is clear, the court give effect to the plain and ordinary meaning of the words (see, McKinney’s Cons Laws of NY, Book 1, Statutes § 94; see also, People v Munoz, 207 AD2d 418 [2d Dept 1994]). The “plain meaning rule” of statutory interpretation provides that where language in a statute is plain and admits of no more than one meaning, the duty of interpretation does not arise and the rules which are to aid doubtful meaning need no discussion (see, People v Stone, 138 AD2d 4 [1st Dept 1988], revd upon other grounds 73 NY2d 296 [1989]). However, when aid to construction of the meaning of words or phrases as used in a statute are available, there is no rule of law which forbids their use, no matter how clear the words may appear on initial examination (see, Matter of Raritan Dev. Corp. v Silva, 91 NY2d 98 [1997]). Moreover, the “plain meaning rule” will not apply where a reading gives use to absurd or mischievous consequences or thwarts a manifest purpose. In such cases, contextual approach directs that courts will construe the details of a statute in conformity with its dominating general purpose and will read a text in light of context and will interpret the text so far as the meaning of the words fairly permits as to carry out in particular cases the generally expressed legislative policy (see, McKinney’s Cons Laws of NY, Book 1, Statutes § 111; see also, Matter of William W, 188 Misc 2d 630 [2001]).
Thus, the courts may look behind the words of a statute when the law itself is doubtful or ambiguous (see, Matter of Yong- *921 Myun Rho v Ambach, 74 NY2d 318 [1989], supra). The purpose and object of a statute may properly be considered as an aid to its interpretation (see, McKinney’s Cons Laws of NY, Book 1, Statutes § 73).
“[W]here there is doubt as to the meaning of the language of a statute, various extrinsic matters throwing light on the legislative intent may be considered by the courts . . . Resort may be had to any authoritative source of information, including documents, and the court may also make use of general facts of common knowledge or public notoriety. Further, statements of the draftsman of the statute are properly considered in determining the legislative intent” (McKinney’s Cons Laws of NY, Book 1, Statutes § 120; see also Matter of Allstate Ins. Co. v Libow, 106 AD2d 110 [2d Dept 1984]).
“In ascertaining the purpose and applicability of a statute, it is proper to consider the legislative history of the act, the circumstances surrounding the statute’s passage, and tbe history of the times” (McKinney’s Cons Laws of NY, Book 1, Statutes § 124). Where a statute is ambiguous, a court may even look to reports of committees or commissions concerned with the legislation as an aid to construction (McKinney’s Cons Laws of NY, Book 1, Statutes § 125).
In view of the foregoing, the “plain meaning rule” is not applicable to the case at bar as the phrase “same conduct charged” contained in CPL 360.25 (1) (e) may arguably admit more than one meaning. Therefore, it is appropriate for this court to interpret CPL 360.25 (1) (e) to give effect to the Legislature’s general purpose.
This court has not found any case law interpreting CPL 360.25 (1) (e). However, this court has found one New York case from Bronx County that interpreted the statutory phrase the “same conduct charged.” People v Beirati (136 Misc 2d 959 [Sup Ct, Bronx County 1987]), interpreted CPL 270.20 (1) (e), a section of the CPL which prescribes one of the grounds for a challenge “for cause” of a prospective juror for a criminal case involving charges by way of indictment in superior court, not by way of an information. In 1987, CPL 270.20 (1) (e) was worded similar to CPL 360.25 (1) (e), and read as follows:
“A challenge for cause is an objection to a prospective juror and may be made only on the ground[s] that: . . .
“[h]e served on the grand jury which found the *922 indictment in issue or served on a trial jury in a prior civil or criminal action involving the same conduct charged in such indictment...” (emphasis added).
In the Beirati case, the issue presented was whether a prospective juror who had previously served on a jury, where the indictment charged in the previous case was a crime of attempted murder, was subject to challenge “for cause” in a subsequent trial for a different defendant charged by an indictment for attempted murder pursuant to CPL 270.20 (1) (e). The Beirati court concluded that the People’s challenge “for cause” should be denied. The court in Beirati found the phrase the “same conduct charged” to mean more than the same general type of accusation. The court held that the “same conduct charged” was to be narrowly interpreted to mean “same alleged incident and the same acts in connections therewith alleged to have been committed.” (Beirati at 962.) The Beirati court reasoned:
“Had this not been the intent of the Legislature it surely would have used language omitting the phrase ‘same conduct’ and substituted therefor a phrase more akin to ‘same category of crime’, ‘the same type of charge’ or another more appropriate phrase. Not having employed such language it must be concluded that the Legislature did not intend to create a category of disqualification with so broad an impact on the availability of jurors for service. Had they intended to enact legislation which would cause such a result surely they would have, as indicated, used language more specific in pointing to such a result.” (Id.)
The Beirati court respectfully suggested that it would not be inappropriate for the Legislature to reconsider the statutory language in question and amend it so as to make its intention more clear. In 1989, in response to the Beirati case, the New York State Legislature amended CPL 270.20 (1) (e). The statute was amended to the extent that the word “conduct” was deleted and replaced with the word “incident.” CPL 270.20 (1) (e), as amended in 1989, reads, in relevant part, as follows:
“A challenge for cause is an objection to a prospective juror and may be made only on the ground [s] that. . .
“[h]e served on the grand jury which found the indictment in issue or served on a trial jury in a *923 prior civil or criminal action involving the same incident charged, in such indictment...” (emphasis added).
The effective date of the amendment was November 1, 1989. A letter from the Bronx Assemblyman who sponsored the bill to amend CPL 270.20 (1) (e), dated April 17, 1989, stated, in relevant part, as follows:
“I write to recommend the approval by the Governor of the above bill which makes a clarifying correction in the Criminal Procedure Law to remove an ambiguity. The present statute permits a challenge for cause where a potential juror has served in the past in an action involving the same ‘conduct’. The bill allows the challenge only where it is the same ‘incident’. Making this change clearly establishes that it is earlier exposure to the facts charged in the indictment and not to a similar crime that permits the challenge.” (Bill Jacket, L 1989, ch 68.)
Although a letter from a single legislator is not determinative of legislative intent, this legislator’s letter is consistent with the justification set forth by the entire Assembly at the time of the amendment (see, Matter of County of Cortland v Commission for Siting Low-Level Radioactive Waste Disposal Facilities, 146 Misc 2d 1084 [Sup Ct, Albany County 1990]). The justification set forth in the New York State Assembly Memorandum in Support of the amendment, dated April 18, 1988, read, in pertinent part, as follows:
“Is a potential juror, who had previously served on a jury where the indictment charged the crime of attempted murder, subject to a challenge for cause on the trial of a subsequent indictment for attempted murder involving a different incident and a different defendant? This question was raised by the defendant’s attorney in People v Nagash Beirati. The court held that the challenge must be denied. Justice Shapiro, however, noted that the language of subdivision e of section 270.20 C.PL. was not clear and should be amended to specify the legislative intent.
“This amendment deletes the word conduct and substitutes it with the word incident. This change makes it clear that a juror can be challenged for cause under this subdivision only if he or she served on a previous jury that considered the same alleged *924 incident not the same general type of accusation. This amendment is consistent with the decision in People v Nagash Beirati.” (Bill Jacket, L 1989, ch 68.)
Thus, it is clear to this court that CPL 270.20 (1) (e), which is applicable to charges by way of an indictment was amended because of the Beirati decision. However, the Legislature did not amend CPL 360.25 (1) (e), which is applicable to charges by way of an information. Was the Legislature’s failure to amend CPL 360.25 (1) (e) to be viewed as a legislative oversight or is such failure to amend an indication that such exclusion was intentional? The hoary maxim of statutory construction “expressio unius est exclusio alterus,” literally means the expression of one is exclusion of the other and was legislatively canonized in New York in McKinney’s Consolidated Laws of NY, Book 1, Statutes § 74 (see, Matter of William W, 188 Misc 2d 630, [2001], supra; see also Pajak v Pajak, 56 NY2d 394 [1982]). McKinney’s Consolidated Laws of NY, Book 1, Statute § 74 states, in relevant part, that: “[T]he failure of the Legislature to include a matter within [a particular statute] may be construed as an indication that its exclusion was intended.”
Thus, a court cannot read into a statute a provision which the Legislature did not see fit to enact (see, McKinney’s Cons Laws of NY, Book 1, Statutes § 363; see also Town of Hoosick v Eastern Rensselaer County Solid Waste Mgt. Auth., 182 AD2d 37 [3d Dept 1992]). However, when legislative intent is clear, an omission in a statute may be considered an inadvertence and supplied by the courts and words obviously omitted by mistake may be supplied to prevent inconsistency and unreasonableness (see, McKinney’s Cons Laws of NY, Book 1, Statutes § 363; People v Harris Corp., 123 Misc 2d 989 [Clinton County Ct 1984]).
In the instant case, this court holds that the Legislature’s failure to amend the phrase “same conduct charged” used in CPL 360.25 (1) (e) was caused by the Legislature’s inadvertence and not by design. The Legislature found the phrase “same conduct charged” used in CPL 270.20 (1) (e) to be ambiguous. The same exact phrase is used in CPL 360.25 (1) (e). CPL 360.25 (1) (e) creates the same ambiguity that CPL 270.20 (1) (e) did prior to the 1989 amendment. Certainly the Legislature could not have intended the statute dealing with misdemeanors to have a broader reach of juror disqualification than the statute dealing with felonies.
Moreover, in addition to the New York Legislature’s intent found in support of the interpretation of the phrase “same *925 conduct charged,” the federal courts have consistently followed a general rule that prior jury service on a similar case arising out of a separate and distinct set of circumstances, even though the offenses charged are the same offenses, is an insufficient basis for a challenge for cause, unless it can be shown that such prior service actually biased the prospective juror (see, United States v Haynes, 398 F2d 980 [2d Cir 1968], cert denied 393 US 1120 [1969]; United States v Cooper, 332 F2d 790 [3d Cir 1964]; United States v Estrada, 441 F2d 873 [9th Cir 1971]; United States v Mutchler, 559 F2d 955 [5th Cir 1977], reconsidered and mod 566 F2d 1044 [5th Cir 1978]; United States v Riebschlaeger, 528 F2d 1031 [5th Cir 1976], cert denied 429 US 828 [Tex 1976]).
Accordingly, now upon submission of the party’s papers, this court’s own research, the applicable rules of statutory construction, and the Legislature’s memorandum and intent for amending CPL 270.20 (1) (e), it is this court’s position that the phrase “same conduct charged” does not merely mean the same type of charge. Rather, said phrase should be narrowly interpreted to mean the same earlier exposure to the facts, involving the same defendant. To give this statute any other construction, would give an ambiguous phrase scope beyond that intended by the Legislature (see, People v Congress Radio, 133 Misc 542 [Ct Gen Sess 1929]).
Although this court was properly concerned about the prospective juror’s ability to render an impartial verdict based upon evidence only adduced at this trial (especially in light of the recent change in the DWI law), said juror should have been questioned about his ability to render an impartial verdict despite his past experience as a juror. The prospective juror should not have automatically been discharged for service merely because he sat on a previous DWI trial. Accordingly, it was an error for this court to excuse this prospective juror “for cause,” pursuant to CPL 360.25 (1) (e).
Moreover, this error was a reversible error, as set forth in CPL 270.20 (2), applicable to this case pursuant to CPL 360.25 (2), because the People had exhausted their peremptory challenges before jury selection was complete.
Based upon the foregoing, this portion of the defendant’s motion to set aside the verdict is hereby granted. The court reverses the verdict and a new trial is ordered.
This court, like the Beirati court, respectfully suggests that it would not be inappropriate for the Legislature to reconsider the *926 statutory language in question and amend CPL 360.25 (1) (e) to be consistent with the statutory language used in CPL 270.20 (1) (e).
Notwithstanding the above ruling to set aside the verdict, this court will entertain the remaining two issues raised by the defendant.
III. Prosecutorial Misconduct
In the second portion of the defendant’s motion to set aside the verdict, the defense counsel claims that the People committed reversible error by (1) in summation telling the jury that the defendant’s testimony was a “nice, pretty tale” or “nice tale,” or “less than the truth” or “worthless” or “didn’t happen” as a matter of “fact,” and also vouching for the People’s witnesses; (2) commenting on the defendant’s silence and persisting even after objection was sustained; (3) denigrating the defense and defense counsel. The People claim that the People’s arguments made in summation were fair comments based on the evidence presented at trial and were made in response to the arguments presented during defense counsel’s summation.
The defendant’s second ground for setting aside the verdict is also pursuant to CPL 330.30 (1). Again, a trial court’s power to set aside a verdict under this section arises only where an appellate court would be required, as a matter of law, to reverse or modify the judgment of conviction (see, People v Thomas, 8 AD3d 303 [2d Dept 2004]). As set forth previously, appellate review on the law requires the issue be preserved (see, People v Thomas, 8 AD3d 303 [2004], supra). Thus, this court must examine whether the defendant preserved for appellate review his challenges to the People’s summation.
Under New York law, in order to preserve for appellate review, challenges to a prosecution’s summation, defense counsel is required to challenge the prosecutor’s alleged errors in summation by way of specific objections before the trial court (see, People v Harris, 98 NY2d 452, 492 n 18 [2002]; People v Schneiderman, 295 AD2d 137 [1st Dept 2002]). The word “objection” alone is insufficient to preserve an issue for appellate review (see, People v Beggs, 19 AD3d 1150 [4th Dept 2005]; People v Tevaha, 84 NY2d 879 [1994]; People v Fleming, 70 NY2d 947 [1988]; People v West, 56 NY2d 662 [1982]). Moreover, if a judge makes a curative instruction and defense counsel neither objects further, nor requests a mistrial, the curative instruction must *927 be deemed to have corrected the error to the defendant’s satisfaction (see, People v Heide, 84 NY2d 943 [1994]).
In the instant case, although the defense attorney made numerous objections to the People’s summation, the defense counsel failed to specifically object to most of the comments made by the prosecutor during summation or seek further relief. Accordingly, the alleged improprieties in the prosecutor’s summation were largely unpreserved for appellate review.
The defendant’s objections to the prosecutor’s summation that were preserved were proper responses to arguments that defense counsel had made during summation and may be characterized as fair comment on the evidence (see, People v Ferrara, 220 AD2d 612 [2d Dept 1995]). Moreover, the People’s summation remained within the broad bounds of permissible advocacy (see, People v Galloway, 54 NY2d 396 [1981]). No single remark was so outrageous as to warrant a new trial in and of itself, nor did the cumulative effort of the People’s summation be deemed to have deprived the defendant of a fair trial.
In view of the foregoing, this portion of the defendant’s motion to set aside the verdict, based upon the grounds of prosecutorial misconduct is denied.
IV Juror Misconduct
In the third argument raised by the defendant, in its motion to set aside the verdict, the defense counsel argues that the verdict should be set aside pursuant to CPL 330.30 (2), due to juror misconduct. The defense claims that juror misconduct occurred because a juror allegedly relied on per-drink alcohol content data that was not in evidence. The People claim that defense counsel’s affidavit of the juror’s alleged misconduct is hearsay and the alleged misconduct merely a sharing of the juror’s past experience.
CPL 330.30 (2) permits the court, after rendition of the verdict, but before sentencing, upon motion of the defendant, to set aside a verdict if
“during the trial there occurred, out of the presence of the court, improper conduct by a juror, or improper conduct by another person in relation to a juror, which may have affected a substantial right of the defendant and which was not known to the defendant prior to the rendition of the verdict.”
In order to set aside a verdict based upon juror misconduct, the defendant must demonstrate a substantial risk of prejudice *928 (see, People v Brown, 48 NY2d 388 [1979]). A substantial risk of prejudice to the defendant’s rights exists when a juror’s or the jury’s conduct colors the views of the other jurors as well as his/ her own (see, People v Brown, 48 NY2d 388 [1979], supra). Overall, a reversible error can materialize from jurors conducting personal specialized assessments not within the common knowledge and experience of a juror communicating that “assessment” or opinion to the rest of the jury panel with the force of private, untested truth as though it were evidence (see, People v Brown, 48 NY2d 388 [1979], supra).
Notwithstanding, a trial court is correct in summarily denying a motion to set aside a verdict, without a hearing, if the application is supported only by hearsay allegations or speculative claims of prejudice contained in an affidavit of defense counsel (see, People v Friedgood, 58 NY2d 467 [1983]).
In the instant case, this portion of the defendant’s motion to set aside the verdict based upon juror misconduct was only supported by an affidavit of defense counsel. No explanation was offered as to why affidavits could not be obtained from the juror who allegedly acted inappropriately or from jurors that observed other jurors acting inappropriately (see, People v Friedgood, 58 NY2d 467 [1983], supra).
Based upon the foregoing, this portion of the defendant’s motion to set aside the verdict based upon juror misconduct, is hereby denied.

. The provisions of CPL article 330, governing the proceedings from verdict to sentence in an action prosecuted by indictment in a superior court, are applicable to a prosecution by information in a local criminal court, provided, however, where a judicial hearing officer has conducted the trial pursuant to CPL 350.20, all references to a court therein shall be deemed references to such judicial hearing officer (see CPL 370.10).

. The provisions of subdivision (2) of section 270.20 with respect to challenges are also applicable to the selection of trial jury in a local criminal court (CPL 360.25 [2]).